## Succession of Bernard Fox—Patrick Fox, Appellant.

Where a remunerative donation exceeds the disposable portion, the donee or legatee is bound to prove the value of his services. If proved to be equal to or greater than the bequest, no reduction can be made; otherwise, it must be reduced to the estimated value of the services. C. C. 1500, 1512. But where such donation does not exceed the disposable portion, the declaration of the testator as to the services and their value, will be conclusive on the heirs, and no proof will be required from the legatee. In the latter case, the remunerative disposition must be viewed as an ordinary bequest, and the services as the motive or inducement for making it.

One who avers that a remunerative legacy exceeds the disposable portion, must show it. Until this be established, the donee or legatee is not bound to prove the value of his services.

Appeal from the Court of Probates of New Orleans, *Bermudez*, J.

Morphy, J. The petitioner, Patrick Fox, seeks to recover from the estate of his brother, Bernard Fox, three thousand dollars, the amount of a remunerative donation made in his favor by the deceased in his last will and testament, in consideration of long and faithful services rendered to him. The answer of the executrix admits that such a remunerative disposition is contained in the last will of the deceased, but avers that the petitioner is not entitled to recover, because he is not a creditor of the estate, not having been in the employment of, nor having worked for the deceased, except for a short time, for which he was fully paid by having his board, lodging, and washing at the house of the deceased, and receiving from him various sums of money from time to time, all of which amounted to as much if not to more than

the value of the labor he performed. It alleges that if the bequest is to be sustained, it must be reduced to the disposable portion which it exceeds, the deceased having left three children living at the time of his death, and his wife having since had another, with which she was then pregnant; that should the petitioner's demand be allowed in whole or in part, the sum of $2000 is pleaded in compensation or reconvention, being the amount of a note of hand due to the deceased by the plaintiff and one Reilly *in solido*, and secured by a deed of pledge. There was a judgment below against the petitioner, from which he has appealed.

We agree with the judge *a quo*, that, although the evidence shows generally that the plaintiff rendered valuable services to his brother, and materially aided him in acquiring his fortune, yet, from its vagueness and uncertainty as to the time when he worked with or for the deceased, and as to the amount of certain advances made by the latter to the plaintiff at different times, it is difficult to determine what particular amount or balance is due by the estate. It is urged by the appellant, Patrick Fox, that as his services have been acknowledged by the testator, and a value set upon them, it was not necessary for him to prove them; or, at least, that such strict proof should not be required as in the case of an ordinary claim against a succession. A distinction should, we think, be made. If a remunerative donation exceed the disposable portion, the donee or legatee is bound to prove the value of his services, and the legacy will be reduced if he do not show that his services are worth the amount bequeathed to him. On the other hand, if the value of his services be equal to, or greater than the bequest, no reduction can be made. Civ. Code, 1500, 1512. But whenever the remunerative disposition does not exceed the disposable portion, the declaration of the testator as to the services rendered and their value, should be conclusive on the heirs, and no proof should be required from the legatee. 5 Toullier, 190. In the latter case, the remunerative disposition should be viewed as an ordinary bequest, and the services mentioned by the testator as his motive, or inducement for making it. The record leaves us entirely uninformed as to the property left by the deceased. As the executrix has averred, in her answer, that the legacy exceeded the disposable portion, and as the petitioner was not bound to prove his services unless such was the fact, it be-

hooved the executrix to show it. But as it may have been doubt-ful on whom it was incumbent to adduce the proof, and, as in deciding this case without it, injustice may be done, we have thought it best to remand it for a new trial.

It is, therefore, ordered, that the judgment of the Court of Pro-bates be reversed, and that this case be remanded for further pro-ceedings ; the costs of this appeal to be borne by the executrix and appellee.

This case was submitted, without argument, by *Preston,* for the appellant, and *J. Mitchell,* for the executrix.