## MILLER et al *v.* ANDRUS et al.

Where a donation *inter vivos*, though styled by the donor a remunerative donation, does not exceed the disposable portion, the heirs of the donor cannot dispute his estimate of the value of the services. *Per Curiam:* The donation may be treated as an ordinary one; the announcement of the donor's motive cannot affect it.

APPEAL from the District Court St. Landry, *Cushman*, J. *T. H.*, and *W. B. Lewis*, *Martin*, and *Swayze*, for the plaintiffs. *Dupré* and *Brent*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. This suit was before us at the last term, and was remanded for further proceedings. See 1 Ann. Rep. 237.

It is not now pretended that the donation *inter vivos* made to *Jesse Andrus*, by his father, exceeds the disposable portion; but it is said that the donation was, upon its face, and in express terms, a remunerative donation, and that the value of the services rendered did not equal the amount of the donation. This objection cannot be sustained. As the donation did not exceed the disposable portion, the value of the son's services was a matter within the discretion of the donor, and the estimate which he has thought proper to put upon them cannot be questioned by the heirs. The donation, though styled remunerative, may be treated as an ordinary donation; the announcement of the donor's motive does not affect it. The value of the services would only have been material, if it had been found that the donor had exceeded the disposable portion. The donation might then have been reduced. See *Succession of Fox*, 2 Rob. 292. Civil Code, 1500.

In our former decree we reserved to *Susan Andrus*, the right of establishing, by proper evidence, her claim, if any she had, against the succession for services rendered. No allowance has been made to her by the court below, and

MILLER
*v.*
ANDRUS.

of this she now complains. We are unable to give her relief. She offered no testimony at the second trial, as to the nature and value of the alleged services. Some testimony had been offered at a previous trial. and a consent has been filed in this court, signed by a portion of the litigants, that this testimony may be considered. But as all the parties in interest have not joined in the consent, we do not consider ourselves at liberty to notice it. We may add that, even if the testimony were properly before us, it is probable we should consider it too loose and unsatisfactory to form the basis of an allowance.

*Judgment affirmed.*