SUMMERS, Justice
(dissenting).
“There are certain provisions of the Civil Code of Louisiana that are something more than mere laws; they may be said to rise to the dignity of institutions. Among these are the articles of the Code providing for what is known as the doctrine of forced heirship.” [1]
In the constitutional convention of 1921, more than a century after the first codification of the civil law, the appreciation of this characteristic of our law and the importance of this institution was recognized and its continuance assured in the life of the people.[2]
These principles are a limitation upon courts in giving full effect to the intention of a testator when recognition of that intent will result in an infringement upon the legitimate portion of forced heirs.[3]
Basically the will in question violates these principles; it seeks at the outset to bequeath all of the testator’s property to one of six children. LSA-Civil Code art. 1493. It is only where an exception has been created by law and clearly established by the facts that violation of the principles of forced heirship will be sanctioned.
*167 Such an exception is sometimes found in the remunerative donation, either inter vi-vos or mortis causa. Under declarations of this court the remunerative donation cannot be reduced below the estimated value of the services rendered, if the value of such services should be little inferior to that of the gift, even if such remunerative donations should trench upon the legitime of forced heirs. LSA-Civil Code arts. 1513, 1525; Succession of Henry, 158 La. 516, 104 So. 310.
I understand the jurisprudence to be to the effect that in a remunerative donation mortis causa, which exceeds the disposable portion, the beneficiary legatee thereof bears the burden of establishing its validity, and particularly the value of the services sought to be compensated, with that degree of legal certainty which is strong and convincing. This proof should leave no doubt that its provisions are intended to surmount the basic prohibition against infringement on the legitime of forced heirs. Succession of Fox, 2 Rob. 292; Succession of Henry, supra.
The fundamental difference in the original opinion and the opinion on rehearing is the holding that there was error in the majority opinion originally when it was declared that the purported remunerative donation made by the decedent in her last will and testament “does not and cannot compensate for services to be rendered in fu-turo.” The recognition by this court that remunerative donations are to be so limited, it is argued, deprives the beneficiary legatee, under the questioned will, of that proof in the record which he contends tends to establish the remunerative character of the donation mortis causa upon which he relies to impinge upon the forced portion. It is pointed out that such a rule limits the use of the remunerative donation mortis causa, for, under this mandate, a testator cannot compensate for services rendered in his later years, inasmuch as the use of such a disposition would have to await a time when death was imminent before it could cover services performed in the last period of life, it being observed that the selection of the appropriate time for the confection of the will in such cases is in most instances “a manifest impossibility.”
The answer to this latter contention is that the remunerative donation is not designed to cover all circumstances which may arise — only those where “recompense” is envisaged, and under the rule announced by the majority originally the recompense can only be for services already performed. It would be a contradiction to hold that a remunerative donation is a compensation for services not yet rendered.
The law is not barren of other means which would avail a testator wishing to recompense a person for services to be rendered in the future. The onerous donation is available to accomplish such a result and, at the same time, adequately protect the disposition against the claims of forced heirs, provided the charges imposed be fulfilled and the value of the object given does not manifestly exceed that of the charges imposed. LSA-Civil Code art. 1524. Additionally, there is no prohibition in the law which would prevent a disposition from being both remunerative and onerous in character, and thereby permit a testator to recompense for both services already performed and those to be performed. Hearsey v. Craig, 126 La. 824, 53 So. 17.
Further complaint is made of our failure in the original majority opinion to attribute adequate value to the services rendered by the beneficiary of the will. As heretofore stated, I am of the opinion that it is improper to consider evidence of services performed after the confection of the questioned will in order to support the remunerative character of a disposition contained therein. I have carefully reviewed all of the evidence of services rendered, but find no reason to depart from our originally announced conclusions.
I respectfully dissent.

. Fenner, An Example of Homeric Nodding in Relation to the Reduction of Donations Inter Vivos, 1 So.L.Q. 129.

. La.Const. art. IV, § 6, D.S.A.; Dainow, The Early Sources of Forced Heirship; Its History in Texas and Louisiana, 4 La. L.Rev. 42.

. LSA-Civil Code art. 1712.