## SUCCESSION OF THOMAS E. BOWLES—ALEXANDER L. FIELD, Curator, Appellant.

Notice must be given to the forced heirs, of any application to sell the property of a succession in which they are interested. It may be to their interest to prevent a sale, by furnishing the means necessary to extinguish the debts and legacies.

The heirs should be informed of every act of an executor or creditor, which may charge or materially affect the property of a succession.

An application by an executor for authority to sell a part of the effects of a succession, is in the nature of a rule to show cause; and it is only necessary that reasonable notice thereof should be given to the parties interested.

APPEAL from the Probate Court of St. Mary, *Palfrey*, J.

GARLAND J. The appellee, Simon C. Mathison, executor of Thomas E. Bowles deceased, presented his petition to the Court of Probates, alleging that, after waiting the time required by law, he thinks from the amount of the debts made known to him, it will be necessary to sell a part, if not all of the property belonging to the succession, to pay the debts due by it, and effect a partition which had been prayed for by one of the parties interested. He prays that a sale be ordered, on such terms as shall be fixed by the parties interested, that Field be notified of the application, and be ruled to show cause why the property should not be sold. The Probate Judge ordered the petition to be notified to the parties interested therein. A citation issued accordingly, directed to Field, as curator of the forced heir of the testator. This appears from the record not to have been served on him; yet the court proceeded to give judgment, ordering a sale of the whole succession, to take place as soon as might be, after a family meeting could be held to deliberate on the terms and conditions. A family meeting was ordered in relation to the interests of the interdicted heir. From this judgment, Field, the curator, has appealed.

The appellant has assigned as errors apparent on the face of the record :

*First.* That no citation or notice of the application for a sale, was ever served on the presumptive heirs, nor on the appellant.

*Second.* That no judgment by default was taken, nor appearance made, nor issued joined.

*Third.* That the legal delay was not allowed, before judgment was rendered

. *Fourth.* That there are no reasons given for the judgment.

We shall consider the three first objections together. Article 1660 of the Civil Code, makes it the imperative duty of the executor to have the presumptive heirs present, and the counsel for the absent heirs notified to attend at the taking of an inventory.

Article 935 of the Code of Practice requires in certain cases, (perhaps in all,) that notice be given to the presumptive heirs to attend at the opening and proof of a will. Notice must be given of the application to appoint a dative executor (18 La. 395) ; and we think very strong reasons exist, why the forced heir, at least, should be notified of an application to sell the succession in which he is interested. Article 1661 of the Code only authorizes a sale in default of funds to pay the debts and legacies ; and a certain order is prescribed in which the property shall be sold, for that purpose. Article 1662 says that, except for the above named purposes, the executor cannot cause the immoveables and slaves employed on the plantation to be sold, unless authorized by the will. The heir should be notified of a deficiency of funds to pay the debts and legacies, as it may be in his power, and to his interest, to furnish the money necessary to discharge the demands on the succession, and prevent a sale. Other reasons might be given, why the heir should be informed of those acts of the executor or creditors, which materially affect the property, and sometimes entirely change its character.

It seems that the parties were aware in this case, that it was necessary to give notice of the contemplated proceedings, and that they were ordered by the judge to do so. Why the notice or citation which was issued, was not served on the appellant, is not explained. The error appears to be fatal.

The objection, that there was no judgment by default, or

delay afterward allowed, before rendering a judgment, we do not think entitled to any weight. Such applications as the one under consideration, are in the nature of a rule to show cause why the act should not be done. It is only necessary that reasonable notice should be given to the parties interested. We do not think that any default was necessary, or that useless delays should be allowed after the parties have been heard.

It is unnecessary to notice the fourth ground of error.

The judgment of the Probate Court is reversed, and the case dismissed with costs in both courts.

*Dwight*, for the appellant.

*Maskell* and *Lewis*, for the executor.