## No. 9031.

### SUCCESSION OF KATE TOWNSEND.

36 535
114 614

36 535
118 109

Where the opposition of the Public Administrator to the confirmation of a testamentary executor asks that the confirmation be refused and that he, himself, be appointed and confirmed as dative testamentary executor, formalities of law to that effect having been complied with, the dismissal of such opposition on an exception of no cause of action, is appealable.

A direct suit is unneccessary to prevent the confirmation of an applicant for letters testamentary. An opposition thereto, is a proper and efficient proceeding.

Such opposition by the Public Administrator, avering that such applicant *cannot* discharge the duties of the trust, is expressly authorized by law.

Such opposition implies a vacancy, owing to the inability or incompetency of the applicant.

An applicant, in duress, under a prosecution for the murder of the testatrix, is not in a condition of body and mind to discharge the functions of the office, in the manner in which the law expects an executor to do so.

An opposition setting forth such fact discloses a cause of action. On proof thereof, the Public Administrator should be appointed to take charge of the estate, where the deceased has left no surviving spouse or heir, present or represented, claiming to assume the duties of the office.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*Breaux & Hall* for the Public Administrator, Appellant.

*A. J. Murphy*, *L. Adams* and *A. D. Henriques* for Troisville Sykes, Appellee.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

FENNER, J. The Public Administrator caused the succession of deceased to be opened and made application in due form of law for administration thereof. Subsequently, Troisville Sykes presented a

will naming him as testamentary executor and prayed for recognition and confirmation as such. To this application the Public Administrator filed an opposition, asserting grounds of disqualification of Sykes, reiterating his own claim to be appointed dative executor, and ending with the prayer that Sykes' application be rejected and that he be appointed dative executor. Sykes filed, to this opposition, exceptions founded purely in law, amongst which was one of no cause of action. After trial of these exceptions judgment was rendered maintaining the same and ordering that the opposition be dismissed, from which judgment the present appeal is taken.

The motion to dismiss is based on the following grounds:

1. That the transcript filed is not such as required by law because it it does not purport to contain all the proceedings had and evidence adduced in the succession. The certificate is complete to the effect that the transcript contains everything affecting the issue between Sykes and the Public Administrator upon which the judgment was rendered. This is sufficient. Other matters would have been surplusage. Not even a suggestion is made of any diminution of the record affecting this issue.

2. It is urged that no appeal lies because the judgment is only interlocutory and not final, and inflicted no irreparable injury on appellant.

The issue, as heretofore shown, involved not only the right of Sykes to receive letters testamentary, but the right of the Public Administrator to be appointed dative executor. The judgment absolutely dismissed his petition and decided that it disclosed no cause of action. As to the Public Administrator, the judgment was final, and it is elementary that appeal lies from a judgment appointing or refusing to appoint a dative executor. C. C. 1120; C. P. 580, 1059.

The motion to dismiss is, therefore, denied.

---

## ON THE MERITS.

BERMUDEZ, C. J.    The Public Administrator appeals from a judgment rejecting the opposition which he filed to the confirmation of an applicant for letters of testamentary executorship.

That opposition charges that the petitioner, Troisville Sykes, is confined without benefit of bail in the parish prison in this city, upon commitment of legal proper authority, under the charge of having murdered Kate Townsend, the testatrix; that by reason of said charge and commitment, said Sykes *cannot discharge* the duties of said executorship; that there is no surviving husband or heir of the deceased,

present or represented in the State to assume, or who claims the right to assume, the duties of said office ; that in such a case the law directs the appointment of the Public Administrator.

The applicant excepted to the opposition on four grounds :

1. That the question raised thereby can be inquired into in a direct action only.

2. That the opponent has no standing in court, as he is neither an heir, a legatee, nor a creditor.

3. That the Public Administrator can be appointed only where there exists a vacancy and that he has no right to create one.

4. That his opposition discloses no cause of action.

## I.

An opposition to the confirmation of the applicant, before the action by the court, was the proper, because the only efficient, remedy. If not filed, the confirmation would have followed and then a suit to rescind and remove would have been indispensable.

## II.

The opposition is authorized by law, under the averment that the applicant *cannot discharge* the duties of executor. This feature distinguishes this case from that of Burnside, in which such an allegation had not been made. 34 A. 728.

## III.

No doubt the Public Administrator cannot be appointed, unless there exists a vacancy. His proceeding assumes that a vacancy exists, in as much as the appointed party cannot and does not fill the trust. Hence the necessity arises of having some one in charge of the estate.

## IV.

The fourth and last question presented is: whether the averments of the opposition being taken as true, for the purpose of the exception of no cause of action, the appellant could or not discharge the functions of executor.

The law provides: (Act 74, p. 111, of 1877.)

" In all testate successions in the parish of Orleans, where, from any cause, the executor cannot discharge the duties of his office, the judge shall appoint the Public Administrator of the parish dative testamentary executor."

The appointment of an executor is a mandate which begins when all others terminate, that is, at the death of the constituent. It is attached to the person of the agent and is not transferable, unless the testator or the law has formally permitted a substitution.

Laurent says: that it enters into the spirit of the law, that the testamentary executor shall fulfill, himself, the friendly office which was confided to him. Friendship and confidence cannot be transmitted by the channel of a power of attorney * * * The rights and functions are intransmissible. Laurent, vol. 14, p. 358, No. 331-348; Grenier, No. 329; Toullier, No. 596; Dalloz, ch. 8, sec. 1, No. 2; Colmar, 8 Nov. 1821; Com. Delisle, 486; Rogeon, C. N. 1025; 4 A. 571.

It is true that section 1471, R. S., which is the re-enactment of the Act of 1847, now article 1154, R. C. C., allows an executor to leave his general and special power of attorney, in his official capacity, to some person residing in the parish where the succession is opened, or in an adjoining parish, to represent him in all the acts of his administration, but this it permits to be done, solely where the executor wishes only to be absent for a time. 9 A. 354; 10 A. 96.

There can be no doubt, however, that a succession representative may legally appoint a sub-agent for some special purpose to assist him in the discharge of his functions, 16 A. 256; provided, he be, himself, in a personal condition to supervise. Serèy, vol. 29, p. 351; Gelis vs. Maille.

In the present instance the law is positive, that, in all testate successions, where, *for any cause*, the executor *cannot* discharge the duties of his office, the court shall appoint the Public Administrator.

It is very broad, but however comprehensive, it can only mean, for *any good* and *sufficient cause*, which must be a matter for special consideration and determination, in each case, as presented.

The fact is that, Sykes was in jail charged with a heinous offense, the murder of the testatrix, awaiting a trial during which his life was to be in jeopardy. He was in duress, deprived of his liberty, necessarily laboring under great mental anguish and moral perturbation, averse to business matters, unable to act in person, or move about to watch over the interests entrusted to him, or to supervise the doings of special mandataries, if any; in a word, incapable of discharging the general functions expected, by law, from an executor.

Under the exceptional and shocking features of this contention, the solution of which can serve as a precedent only in strictly analogous

cases, rarely to occur, we think that the district court erred in sustaining the exceptions.

It is, therefore, ordered and decreed that the judgment appealed from be reversed and that the exceptions filed to the application of the Public Administrator be overruled. It is further ordered and decreed that this case be remanded to the lower court for trial to be proceeded with according to law, the costs in both courts to be paid by Sykes individually.

Rehearing refused.