No. 13,674.

SUCCESSION OF WILLIAM F. WEEKS; RULE OF SARAH COLLINS VS. GILBERT L. HALL, ADMINISTRATOR.

### SYLLABUS.

1. Where the administrator of a succession has qualified as such by giving a bond, based upon an inventory of the succession, from which certain property has been omitted, he can be made to furnish additional security for one-fourth over the estimated value of such omitted property—shown by a supplemental inventory.

2. The right of a creditor of a succession to require proper security from its administrator is not tested by the amount of his claim.

3. The amount of the bond to be furnished by the administrator of a succession is measured by the value of the property of the succession, not by the amounts of the claims against it.

4. After the amount of the bond of an administrator has been once fixed, it may be increased under certain circumstances, but it cannot be reduced by showing at a particular date that the property of the succession has been sold at prices less than their inventoried value; that the assets have been reduced by the payment of debts, and that the debts presently due do not require for their payment a bond as large as that furnished. An administrator's bond being a continuing one to cover the performance of duty until final discharge, is an entirety and cannot be partially cancelled before the end of the entire gestion. If the inventory of the succession includes property not belonging to it, or is made on a wrong legal basis, it can be corrected and made to conform to the law and the facts.

Where the surety upon an administrator's bond is not insolvent, but simply insufficient, she should not be released and a new bond given. The administrator should be made to make the suretyship sufficient and a judgment of court to that effect should decree to what extent the existing suretyship is deemed sufficient. In testing the solvency of a surety, incorporeal rights owned by her are to be considered if within the State and liable to seizure.

APPEAL from the Nineteenth Judicial District, Parish of Iberia—*Hacker, J., ad hoc.*

*Walter J. Burke & Bro.* for Plaintiff, Appellee.

*Voorhies & Voorhies* for Respondent, Appellant.

### Statement of the Case.

The opinion of the court was delivered by

Nicholls, C. J.   Mrs. Sarah R. Collins, alleging herself to be a creditor of the Succession of William F. Weeks, and so recognized to be by its administrator, prayed the court to rule the said administrator t) show cause why he should not be ordered to furnish a new and additional bond in a sufficient amount.

The application was based upon averments that several years had elapsed since the administrator had furnished bond as is required by law.   That the bond which he had furnished having been insufficient *ab initio,* became doubly so because of the many incumbrances upon the properties of the sureties, one of whom was the wife of the administrator.

That, under the provisions of Article 1195 of the Civil Code and other provisions thereof, she was entitled to require the furnishing of new and additional security within such time as the court should prescribe.

The rule to show cause having issued, the administrator, on July 24, 1900, answered that it should be denied and discharged, because plaintiff therein did not state the nature and amount of her claim, which was an ordinary one, and because her claim was subject to reduction by reason of the *pro rata* distribution of the funds of the estate, said *pro rata* being necessitated by the insufficiency of said funds to meet the liabilities of the estate, as would be made to appear by the tableau of distribution and classification of the debts and assets thereof which appearer had been ordered to file on the 15th day of September, next, by the court.   Because plaintiff in rule does not allege that her interest as creditor of said estate are jeopardized either because of the insolvency of the sureties on appearer's judicial bond, or because of the maladministration of respondent as administrator of the estate.

Because all the privilege and mortgage debts of the estate had been paid by appearer, save that of the Citizens' Bank, appearer representing that that claim is, however, secured by special mortgage on the property owned personally by the surety on his judicial bond, and donated to her by Wm. F. Weeks, by donation *inter vivos;* that said property

forms no part of the assets of the estate; and that although said bank was a creditor of the estate as holder of notes subscribed in its favor by Wm. F. Weeks, those notes are secured by mortgage on that property as set forth; that that claim being secured to the extent of the value of said property, which was fully worth ten thousand dollars, plaintiff's claim was thereby made doubly sure whatever might be the amount of that claim as fixed hereafter by judgment of court.

That the Citizens' Bank was, furthermore, secured by twenty thousand dollars of stock of the Myles Salt Mine Company, which it holds as collaterals for said claim; that the absolute protection thus afforded by the special mortgage aforementioned, and the stock held as collaterals, completely secured the bank's claim which was the only claim really existing against the estate.

Because the surety on his bond was absolutely solvent, owning and having in her own name property immovable, as well as movable, exceeding in value all her liabilities, including her responsibility as surety on his bond, by at least ten thousand dollars.

That, for these reasons, plaintiff's demand for an additional surety was unreasonable and countenanced neither by law nor by the facts.

In view of the premises, he prayed that plaintiff's rule to show cause be denied and discharged at her costs, and for relief.

The court rendered judgment ordering the administrator to furnish new bond with additional security for an amount one-fourth over and above the sum of thirteen thousand nine hundred and seventy-five dollars and fifty cents. It held that the amount of the inventory should have been thirteen thousand nine hundred and seventy-five 50-100 dollars, instead of thirteen thousand, eight hundred and 50-100 dollars, as property to the amount of one hundred and seventy-five dollars had been left out; that the amount of bond being for seventeen thousand two hundred and thirty-one dollars, was insufficient in amount and it should be for seventeen thousand four hundred and sixty-nine 37-100 dollars. That the valuation of the property of both sureties on the bond would, at a fair valuation, be amply sufficient for the security of the bond, but that it had been shown that one of the sureties was the wife of the administrator and not a competent surety. That this would necessitate the giving of additional security as the tangible property of the other surety, after deducting the amount of mortgages, was not sufficient alone to secure the bond.

The administrator appealed.

## OPINION.

On the first of July, 1898, an inventory was made of the property of the Succession of W. F. Weeks; it disclosed property to the value of thirteen thousand eight hundred dollars and fifty cents.

Gilbert L. Hall qualified as administrator of the succession, executing a bond of seventeen thousand two hundred and fifty-one dollars.

It having been ascertained that certain property had been omitted from the inventory, a supplemental inventory was made fixing the value of the omitted property at one hundred and seventy-five dollars.

Had this property been included in the original inventory, the total value of the property of the estate would have been appraised at thirteen thousand nine hundred and seventy-five dollars and fifty cents ($13,975.50).

The security to be given by every administrator is ordered by Article 1048 of the Civil Code to be one-fourth beyond the estimated value of the movables and of the credits comprised in the inventory, exclusive of the bad debts.

The administrator of this particular succession should properly have executed a bond for seventeen thousand four hundred and sixty-nine dollars and thirty-seven cents ($17,469.37-100).

It is the duty of administrators, executors, curators and syndics, at least once in every twelve months, to file a full account of their administration. Hall, administrator, having failed to render such an account, Mrs. Sarah A. Collins, a creditor of the succession, ruled him into court to show cause why he should not furnish new, additional security for the faithful performance of his duty.

· This application was based upon Sections 3695, 3697 and 3698 of the Revised Statutes.

The administrator resisted the application, but the court made the rule absolute, and the administrator appealed.

· He urges in this court that since his bond was executed, the property of the succession has been sold and the assets greatly reduced by payments of privileges; that the debts presently due by the succession do not reqiure for their full security any greater amount of bond than was furnished. That Mrs. Collins holds a small claim which is amply secured; that his surety, Miss Harriet Weeks, has property more than sufficient to make her a competent security.

He further urges that even if he should furnish new or additional

security, the judgment is uncertain and insufficient as it does not inform him what amount of security he should furnish.

The right of a creditor of a succession to call for additional security is not determined by the amount of his claim. Any creditor has the right to make this demand, if the facts of the case, independently of any consideration of the amount of his claim, are such. as would justify it. (Succession of Duffy, 50 Ann. 798; Succession of Mary Hardy, 46 Ann. 1312; Succession of Frazier, 33 Ann. 594).

The inventory is, by law, made the basis for the security; this, of course, means a correct inventory. (Succession of Levy, 48 Ann. 594; Calhoun vs. McKnight, 36 Ann. 417). If it includes properties not belonging to the succession, made upon a wrong legal basis, it may be made to conform to the facts or the law, and the bond fixed accordingly.

To a certain extent, as stated in the Succession of Levy, there exists some judicial discretion in the original fixing of the amount for bond. After it is once fixed, it may be increased under certain circumstances, but it is not to be diminished upon a showing made that, at a particular date, the value of the property in the owner's hands had decreased, the assets sold at prices below that shown by the inventory, or the money in his hands had·been disbursed to a certain extent by payment of succession debts. That might, perhaps, have been legally done in the case of the prolongation of the executor's or curator's term as at one time fixed for one year, and after the executor's or curator's account had been filed and homologated. Under such circumstances, the prolonga- tion of the term would be in the nature of a new appointment; when, however, the term *ab initio* is to be a continuing one to cover the faithful performance until final discharge it is an entirety and is not to be cancelled in part until the whole gestion is complete. (Succession of Stone, 31 Ann. 314; Schneider vs. Burns, 45 Ann. 875; Major vs. Creditors, 46 Ann. 370). It would not do to have the bond constantly varying and altering by reason of the situation of the succession at any particular intervening date.

The application in the present case is not to have the amount of the bond increased beyond that which could have been required originally from the administrator, and there is no reason for discussing whether Article 1129 of the Civil Code has been modified or not by special statutes, or still retains its full original force and effect, and, if so, whether it applies to an administrator's as well as a curator's bond.

Appellee contends that the right of a succession creditor to exact new or additional security from an administrator, who has failed to file an

annual account, is an absolute right which courts are without authority to deny; but the closing words of Section 10 of the Revised Statutes declare that a creditor's demands for new or additional security is to be granted "if the court may judge it to be necessary."

It is urged that the court having immediate jurisdiction over the succession has declared it to be its opinion that new security should be given and that this court should not interfere with the exercise by it of its discretion.

We recognize, as have done our predecessors (McComas vs. Ronquilo, 4 Ann. 123; Calhoun vs. McKnight, 36 Ann. 416), that "our law looks with favor on all proceedings looking to investigating the official conduct of administrators, and to securing the 'fidelity of their administration, and the rights of creditors and of other persons interested," but we cannot concede that the conclusions of the district judge, as to the propriety or necessity of an administrator's furnishing new or additional security, are final.

The evidence shows that the sureties on the administrator's bond were Mrs. Lily Weeks Hall, the wife of the administrator, and her sister Miss Harriet Weeks, the heirs of the deceased W. F. Weeks. That it is insufficient in amount and that it should have been for an amount equaling the fourth above the sum of thirteen thousand nine hundred and seventy-five dollars and fifty cents. The court ordered that the administrator furnish new bond corresponding in amount with its decree, with additional security, on or before October 1st, 1900.

The court in the present instance, as did that which rendered the decision in Calhoun vs. McKnight (36 Ann. 416), "did not state on what basis of calculation or authority by law, or upon what reaosning it had reached its conclusions, and it is therefore very difficult to know whether it erred or not from its own standpoint." As the judge had to pass upon the values of the different pieces of property under very conflicting testimony, and as he had to make calculations as to the amount of the indebtedness of Miss Harriet Weeks, it would have greatly assisted this court had he given it the benefit of his conclusions as to the value of the different properties and declared what was his estimate of the amount of the indebtedness of Miss Weeks, and also that of the mortgages upon her property, instead of sending the record up with the simple ultimate conclusion reached by him that the "tangible property of Miss Harriet Weeks, after deducting mortgages, was not sufficient in value alone to secure said bond."

We are by no means satisfied with the correctness of that conclusion

and of the judgment. It is not pretended that Miss Harriet Weeks is insolvent and that the administrator should be forced by reason of that fact to replace her. (C. C. 3043).

She is undoubtedly a good surety to a certain extent, and the administrator is entitled to have her retained to that extent. The court below should (if it deemed her suretyship insufficient to some extent) have announced to what extent it held her good or bad as a surety, and have required the administrator to give new suretyship only up to the amount necessary, under the law, to have sufficiently secured the faithful performance of his duties.

Under the judgment, as written, the administrator is not informed to what extent he is required to give new surety. He cannot be held to furnish an entirely new bond. In Calhoun vs. McKnight, 36 Ann. 417, in which a supplemental inventory of property of a succession which had been omitted from the original inventory was made, the court ordered the administrator "to furnish a bond to be in lieu and stead of the original bond, or at his option a bond which, added to the bond already issued, would equal the amount of the bond required."

We do not think that the present surety should be replaced by another or released from her present obligations, but that a new bond should be furnished for an amount of one-fourth over the sum of one hundred and seventy-five dollars plus such an additional amount as taken in connection with the present bond, and the peculiar ability of Miss Harriet Weeks to satisfy the same as surety, will render the faithful performance of Gilbert L. Hall's duties, as administrator, secured to the legal amount and by proper, sufficient sureties.

The wife of the administrator should not have been accepted as a surety on the original bond. We imagine that the particular persons who were offered as sureties, being the heirs of the deceased, were selected with the object of attempting to bring the bond, as to the amount, under the decision in LaBranche vs. Trepagnie, 4 Ann. 558, as a bond to be given exclusively for the security of creditors and the heirs by signing as sureties evidencing their willingness, so far as they were concerned, to have the succession administered without bond.

The issues in that case were directed more as to the parties who were entitled to the benefit of the bond than it was as to its amount. The party in the present litigation is a creditor and not an heir, and insists upon bond being given in amount strictly in conformity to the law. The law has thought proper to make the amount of the property of the

succession the measure of the bond instead of taking the amount of the claims against it. We cannot change the basis. (46 Ann. 1312).

It does not contemplate a prior investigation (if that were possible) of the claims against it before fixing the amount for which the amount of the bond should be fixed.

We judge from the language of the judgment appealed from that the court considered in reaching a conclusion as to the competency of Miss Weeks as a surety, her real estate only, and excluded a consideration of the incorporeal rights which she owned. In this there was error. There is no law authorizing the latter to be excluded in determining the competency of a surety if they are in this State and liable to seizure. If they be merely difficult to be reached for the purposes of seizure, they are none the less available for the purposes of paying debts. (Acts Nos. 24 and 67 of 1876).

For the reasons assigned, the judgment appealed from is hereby annulled, avoided and reversed and the cause is remanded to the District Court to be there proceeded with in accordance with views herein expressed.

BREAUX, J., having been called upon to testify as a witness and as an expert, and having testified in the cause, recuses himself.