No. 14,151.

## J. GAB. DUPERIER VS. MRS. MATHILDE BERVARD, WIDOW OF DR. FRED. DUPERIER.

### SYLLABUS.

1. An heir who asks to be recognized as an heir and to be placed in possession of a succession, to the extent of his interest, has a right of action.
2. As to this heir, the will of the *de cujus* not having been legally probated, he may be heard to have all the proceedings leading to the judgment probating the will, as well as the judgment itself, decreed null.
3. The proceedings and judgment probating the will are null, and the judgment appealed from is affirmed.

APPEAL from the Nineteenth Judicial District, Parish of Iberia.— *Foster, J.*

*Walter J. Burke & Bro.,* for Plaintiff, Appellee.

*Todd & Davis,* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. This suit was brought to set aside the proceedings had in the matter of probating the will of the late Dr. Frederick Duperier who died in 1900, leaving eight children, one of the number being the petitioner to set aside the will. Plaintiff asks for judgment recognizing him as forced heir of his deceased father and as such, together with his brothers and sisters, vested with the seizin of the estate.

The legatee is the widow of the late Dr. F. Duperier. She petitioned the court for a judgment probating the will. In accordance with her petition, judgment was rendered, although plaintiff had not been legally cited. The return shows that Mrs. Duperier's petition to probate the will was never legally served on the petitioner here, but on another person without showing that the one upon whom it was served had authority to represent this heir. This service was neither personal nor domiciliary.

The judgment from which the legatee appeals states that the will was in the nuncupative form by public act, and decrees that the testatrix be placed in possession of all the property of the testator, and that she "have immediate seizin of said estate in full ownership and in fee simple."

Petitioner timely objected (to the admissibility of any proof that the will had been probated) on the ground that he had not been regularly cited.

Petitioner, appellee here, avers in substance that his mother 'is selling the property of the estate and disposing of it as her own, in violation of his rights as forced heir. Petitioner having asked to be recognized as forced heir is entitled to all the rights afforded by forced heirship.

Now that the issue is tendered, it is no longer possible to consider the legatee as universal legatee entitled to all the property, and it was proper to set aside a judgment which precluded this heir from asserting his right to the *legitime,* and particularly in view of the fact that it was not rendered contradictorily. We will here state that the will is only null to the extent that it disposes of proprety to the prejudice of the reserve of the heir.

Of course the forced heir will have seizin only to the extent of his interest and can exercise no control save to the extent of that interest. Further, we are anxious to state, on leaving the transcript, that the legacy to Mrs. Duperier is not stricken with nullity, but that it can be, if the heir insists, only reduced to the disposable portion.

We have to deal with the cold letter of the law which requires the will to be probated contradictorily with the heirs, and further that the forced heir is entitled to possession to the extent of his interest. This we understand is the purpose of the decree. We have no alternative, save to affirm it and let the case be returned in order that this heir and his mother may settle their respective interests.

We agree with the judge of the District Court, that the proceedings in matter of probating the will and the probate itself are null.

For these reasons the judgment appealed from is affirmed.