LAND, J.
A document purporting to be the last will and testament of Rosemond Theriot in nuncupative form by public act was presented to the court for probate by Mrs. Mary Ann Hartman, named therein as a legatee and as executrix.
Austin D. Theriot, one of the presumptive heirs of the decedent, filed several oppositions to the prohate and execution of the testament, which, after trial, were sustained, and the will decreed a nullity. Mrs. Hartman and another special legatee appealed.
Opponent in this court filed a motion'to dismiss the appeal, and subsequently an answer, in which he prayed the affirmance of the judgment appealed from, with damages, as in case of a frivolous appeal. The answer set forth that the appellee did not waive or abandon his motion to dismiss.
Motion to Dismiss.
The first ground for dismissal is that the appellants have acquiesced in the judgment from which they have appealed. There is no proof of such acquiescence beyond a minute entry that the husband of one of the appellants had filed an application for appointment as administrator of the succession. The petition of the applicant is not before us as a part of the record or exhibits annexed to the motion to dismiss. But, if it were,-it does not show the acquiescence of the wife, the husband being a party to the probate proceedings only for the purpose of aiding, authorizing, and assisting the wife in the prosecution of her separate rights of property. The next ground is that the transcript is not complete. The certificate of the clerk is in the usual form, and the transcript contains everything affecting the issues raised hy the oppositions. Other and subsequent matters would have been’surplus-age. There is no suggestion of a diminution of the record affecting the issue. Succession of Townsend, 36 La. Ann. 536.
The next ground is that proper parties are not before the court. All the parties to the proceedings in which the judgment appealed from was rendered are before us as appellants or appellees. The last ground of the motion is that the appeal bond furnished “is not such as the law requires.” This objection is too vague for consideration. The bond copied in the transcript is in the usual form. Counsel for plaintiff, when the case was called for argument, filed a document purporting to be a copy of the appeal bond. This document was permitted to be filed without prejudice.
It cannot be considered. If the copy of the bond in the transcript was not a true copy of the original, the errors should have been suggested and corrected in the usual manner. The motion to dismiss is therefore overruled.