(38 South. 470.)

No. 15,617.

REYNOLDS v. CARROLL.

(April 24, 1905.)

MANDAMUS TO COURT—DISTRICT COURT—JURISDICTION—TITLE TO OFFICE..

1. In the absence of apparent jurisdiction over a cause in any appellate court, the Supreme Court has, under the supervisory jurisdiction of the court, the authority to instruct the court of original jurisdiction, the district court, to reinstate a case dismissed on the ground and for the alleged reason that the court is without jurisdiction, if it be manifest that the court has jurisdiction.

2. The district court has jurisdiction in all cases where title to office is involved, "or other public position, even where no specific amount is in contest."

Monroe, J., dissenting.

(Syllabus by the Court.)

Action by J. W. Reynolds against S. L. Carroll. Exceptions to plea of want of jurisdiction sustained, and Reynolds applies for writs of certiorari and mandamus. Granted.

So Relle & Boone, for relator. Respondent Judge, pro se (H. T. Liverman, of counsel).

BREAUX, C. J. J. W. Reynolds claims that he was elected one of the aldermen of the town of Zwolle, in the parish of Sabine, and upon that claim bases his action by way of mandamus to compel the judge of the district court for the parish of Sabine to reinstate and try his cause.

His petition contesting the election was met by the plea of no cause of action and plea to the court's jurisdiction.

This exception was sustained. It is of this action on the part of the district court that plaintiff in the suit below and relator here complains, and which has been taken as ground for an application for a writ of certiorari and mandamus to compel the judge a quo to reinstate the case.

The judge of the district court, in answer to the rule nisi which issued from this court, avers, in substance, that the suit came to

trial on an exception of no cause of action and plea to the jurisdiction, and other grounds therein alleged, which he deemed sufficient to justify him in dismissing the suit.

We are informed by his answer filed in compliance with the rule nisi that the pleadings do not set forth that the office contested is one of trust or emolument, nor that it is of any value, or that any fault has been committed, or injury, though it might be inferred from the allegations of the petition. The judge a quo sets up additionally that applicant's remedy is by appeal, and not under the supervisory jurisdiction of this court.

The district court has jurisdiction of the case, under article 109 of the Constitution, which specially vests it with jurisdiction. The district court, now that the question of jurisdiction is settled, will take up the case and decide the issues that may arise. See 15,618, McClenny v. Webb (this day handed down) post, p. 779, 38 South. 558.

It is therefore ordered, adjudged, and decreed that the rule nisi be made peremptory, and the writ of mandamus absolute, and the court a qua is to proceed with the case in accordance with the requirement of law.

MONROE, J., dissents on the ground that it does not appear that this court is vested with the jurisdiction invoked.