(38 South. 558.)

No. 15,618.

McCLENNY v. WEBB.*

(April 24, 1905.)

OFFICE—CONTEST—JURISDICTION.

The district court had original jurisdiction to hear issues arising in a contest for office. The plea of want of jurisdiction is overruled.

Monroe, J., dissenting.

(Syllabus by the Court.)

*Rehearing denied May 22, 1905.

Proceeding by J. D. McClenny against W. M. Webb. Judgment dismissing suit and McClenny applies for certiorari and mandamus. Application granted.

So Relle & Boone, for relator. H. T. Liverman, for respondent.

BREAUX, C. J. Applicant complains of a judgment rendered by the district court dismissing his suit contesting the election of his opponent.

He was defeated by one vote. He sets up that there were seven illegal votes cast for his opponent, which should not be taken into account, and avers that in that event the majority of his opponent would be reduced, his opponent would be defeated, and he (applicant) elected.

The question of want of jurisdiction ratione materiæ is the first before us for decision.

The district court had jurisdiction, and there was no ground for sustaining the plea of want of jurisdiction.

The article of the Constitution in point vests the district court with jurisdiction in all cases in which the title to office is involved, and this jurisdiction is vested in that court without regard to the amount.

The purpose of the Constitution is to afford a jurisdiction in contested election cases. We do not think of any other court it was in contemplation to vest with original jurisdiction of causes of the character in question. It is the only court of record which can take cognizance of these cases, and it is the court having the jurisdiction required to pass upon title to office or other "civil or political right." Article 109 of the Constitution of 1898.

There was therefore no ground upon which to sustain the exception of want of jurisdiction ratione materiæ.

For reasons assigned, the rule is made absolute, and a writ of mandamus shall issue directed to the judge of the district court re-

quiring him to try the exception of no cause of action, and the merits, if any remain, after decision of the exception of no cause of action.

MONROE, J., dissents on the ground that it does not appear that this court is vested with the jurisdiction invoked.