(66 South. 798)

No. 20713.

STATE v. EPPINETT.

(Nov. 30, 1914.)

*(Syllabus by the Court.)*

CRIMINAL LAW ☞1023—APPEAL—QUESTION OF FACT—AGE—JURISDICTION.

Whether a defendant in a criminal prosecution is under or over 17 years of age is a question of fact, the determination of which by the trial court this court is without jurisdiction to review, on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. ☞1023.]

O'Niell, J., dissenting.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Loyd Eppinett was convicted of larceny, and appeals. Affirmed.

Hunter & Hunter, of Alexandria, for appellant. R. G. Pleasant, Atty. Gen., John R. Hunter, Dist. Atty., of Alexandria (G. A. Gondran, of New Orleans, of counsel), for the State.

MONROE, C. J. Defendant was convicted of "entering in the nighttime, without breaking, and larceny of $51," and was sentenced to imprisonment at hard labor for two years. In the course of the trial, and after conviction and sentence, he challenged the jurisdiction of the district court, on the ground that he was only 16 years of age, and hence was not subject thereto, with respect to the offense charged. The law (Acts 83 of 1908 and 48 of 1910, and Act 245 of 1908, as amended by Act 135 of 1910, and incorporated in the present Constitution as article 118) confers upon the district courts, outside the parish of Orleans, "sitting as juvenile courts," jurisdiction, except for capital crimes, of the trial of all children under seventeen years of age who may be charged in said courts as neglected or delinquent children. And

"the term 'delinquent child' is defined to mean [among other things] any child, seventeen years of age and under, not now or hereafter inmates (sic) of a state institution, * * * who * * * violates any law of the state, or any ordinance of any village, town, city, or parish of the state." Constitution of 1913, art. 118, § 3. As defendant is not charged as "a neglected or delinquent" child, the jurisdiction of the juvenile court (assuming that he was under 17 years of age) of the offense for which he is prosecuted is not clearly expressed, but may, perhaps, be arrived at by inference. The question of defendant's age is, however, one of fact, whereas the appellate jurisdiction of this court, in criminal cases, is limited to questions of law. Constitution, art. 85. This court is therefore without jurisdiction to review, upon this appeal, the only question thereby presented. In the case of Reynolds v. Carroll, 114 La. 610, 38 South. 470 (to which appellant's counsel refer), the supervisory jurisdiction, conferred by article 94 of the Constitution, was invoked and exercised in a civil case, and the ruling there made is wholly inapplicable here.

The judgment appealed from is therefore affirmed.

O'NIELL, J., dissents.