(89 South. 14)

No. 24553.

**BROUSSARD et al. v. HEBERT.**

(June 15, 1921.)

*(Syllabus by Editorial Staff.)*

1. Wills ☞269—Notice to presumptive heirs of probate proceedings a matter of grace.

While Code Prac. art. 935, provides that the party praying for the opening and proof of a will shall give notice to the presumptive heirs in writing if any of them reside in the place, the notice is a matter of grace, and while, if the heirs do attend, they may oppose the proceedings and then attack the will, yet, if they do not, they will not be deemed in default.

2. Wills ☞423—Judgment of probate not conclusive against presumptive heirs.

A judgment of probate is not conclusive against the presumptive heirs, whether present or absent, and whether notified or not notified of the opening and proving of the will according to Code Prac. art. 935.

3. Wills ☞355—Judgment for probate not to be annulled because presumptive heirs were not notified.

While Code Prac. art. 935, declares that the party praying for the opening and proof of a will shall cause to be summoned the number of witnesses possessing the qualities required for such proof, and, if the presumptive heirs reside in the place, shall give them notice in writing that they may attend, etc., the failure of the proponent of a will to give the presumptive heirs residing in the parish notice of the proceeding does not warrant the annulment of the judgment.

Appeal from Seventeenth Judicial District Court, Parish of Vermillion; W. W. Bailey, Judge.

Suit by J. Gladu Broussard and others against Albert Hebert to set aside probate of will. From a judgment dismissing the suit on an exception of no cause of action, plaintiffs appeal. Affirmed.

Edwards & Greene and Kitchell & Boudreaux, all of Abbeville, for appellants.

Walter B. Gordy, of Abbeville, for appellee.

O'NIELL, J. The short question presented in this case is whether it is essential to the validity of a judgment probating a will that the presumptive heirs, who reside in the town or parish where the testator had his domicile, and where his will is to be probated, shall be given notice to attend, if they think proper, at the opening and proving of the will.

The only cause for which the plaintiffs, as presumptive heirs of the testatrix in this case, sued to have the judgment of probate of her will decreed null, was that they, the presumptive heirs, were not notified and had no opportunity to attend the opening and proving of the will. They did not allege that the will itself, which they alleged was olographic in form, was null or invalid, or that the amount of property disposed of should be reduced. They alleged that they would have attended and would have opposed the probate of the will if they had been notified, or had known, that the executor intended to have the will admitted to probate; but they did not state the cause for which they would have opposed the probate proceedings. They did not allege that the proof on which the judgment of probate was rendered was not sufficient, or that there was any irregularity in the probate proceedings, other than that

they, as presumptive heirs of the testatrix, were not notified or given an opportunity to attend and oppose the probate of the will.

[1-3] The suit was dismissed on an exception of no cause of action, and plaintiffs have appealed. They rely upon article 935 of the Code of Practice, viz.:

· "The party praying for the opening and proof of the will, shall cause to be summoned the number of witnesses possessing the qualities required for such proof, and, if the presumptive heirs of the deceased or any of them reside in the place, he shall give them notice in writing, that they may attend, if they think proper, at the opening and proof of the will."

The article quoted does not purport to require that a citation shall be served upon the presumptive heirs present in the parish, as a prerequisite to the opening and probating of a will; and it is settled by the jurisprudence of this court that the notice in writing which the party praying for the opening and proving of a will is required to give to the presumptive heirs residing in the parish where the will is to be probated is merely a matter of grace, to give the presumptive heirs an opportunity to attend and oppose the probate proceedings, and, by opposing, end them, if they can. If the presumptive heirs do see fit to attend and oppose the probate proceedings, they may then and there attack the will itself as being invalid. Succession of Theriot, 114 La. 611, 38 South. 471. But a judgment of probate cannot be annulled on the ground solely that it was rendered without notice to the presumptive heirs of the deceased. Thomas v. Blair, 111 La. 678, 35 South. 811. The presumptive heirs present in the parish where a will is probated cannot be adjudged in default for failing to attend at the opening and proving of the will, after having been given the notice mentioned in article 935 of the Code of Practice. In fact, a judgment of probate is not conclusive against the presumptive heirs, whether present or absent, whether notified or not notified in the manner stated in article 935 of the Code of Practice.

Succession of Manion, 143 La. 799, 79 South. 409.

There are some expressions contained in the opinion rendered in Duperier v. Bervard, 107 La. 91, 31 South. 653, suggesting that a judgment of probate is null if it was not rendered contradictorily with the presumptive heirs present in the parish. But the expressions were not appropriate to the decision. The suit was brought by a forced heir to reduce to the disposable portion the dispositions in the will of the plaintiff's deceased father. The fact that the heirs had not been notified of the intention to probate the will was therefore a matter of no importance whatever in the case.

The judgment appealed from is affirmed at appellants' cost.