2 So.2d 29

**Succession of PRICE.**

No. 35948.

March 31, 1941.

Rehearing Denied April 28, 1941.

See, also, 196 La. 172, 198 So. 894.

Montgomery, Montgomery & Fenner, of New Orleans, for appellants.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellees.

PONDER, Justice.

Mrs. Elizabeth Gay Labrot and her three minor children, appearing through their natural tutor, ruled the testamentary executors to show cause why the inventories made in this succession should not be annulled.

The plaintiffs in rule allege that they are the great niece, great-great niece, and great-great nephews of Mrs. Anna Margaret Gay, deceased widow of Andrew Price; that all of the petitioners' are named legatees in the will of the deceased, Mrs. Anna Margaret Gay Price; that the inventories made in the succession are invalid because they were made without notifying the plaintiffs in rule, and for the further reasons that no attorney was appointed for the absent heirs to represent the heirs and legatees of the deceased residing outside of the State and no duly appointed attorney for such absent heirs was notified for the taking of the inventories. They pray for appointment of an

attorney for absent heirs, for the annulment of the inventories, and for an order requiring new inventories to be made after notice to the heirs, legatees, and attorney for absent heirs. The rule was dismissed on exceptions of want of interest and no right or cause of action. The plaintiffs in rule have appealed.

Counsel for the appellants contends that the inventories are invalid, and in effect no inventories, because the plaintiffs, legatees and residuary legatees, were not notified to attend the taking of the inventories. Counsel takes the further position that the failure to appoint an attorney for the absent heirs and to notify such attorney to attend the taking of the inventories vitiates the inventories. In support of his contentions counsel cites Article 1210, 1661, 1662 and 1667, R.C.C.; Succession of Bowles, 3 Rob. 35.

An inventory is not conclusive but is subject to contradiction and change by proper proof. Derouin v. Segura, 5 La. Ann. 550; Succession of Gehr, Man.Un-rep.Cas. page 403; Harty v. Harty, 8 Mart., N.S., 518; Succession of Pipkin, 7 La. Ann. 617; Succession of Dean, 33 La.Ann. 867; Succession of Weeks, 104 La. 573, 29 So. 219.

Article 935 of the Code of Practice provides that presumptive heirs shall be notified in writing as a prerequisite to the opening and probating of a will. This Article of the Code of Practice has been considered on numerous occasions by this court and it is now well settled that a judgment of probate is prima facie valid and cannot be annulled on the sole ground that

it was rendered without notice to presumptive heirs. Thomas v. Blair, 111 La. 678, 35 So. 811; Succession of Theriot, 114 La. 611, 38 So. 471; Broussard v. Hebert, 149 La. 309, 89 So. 14. A judgment of probate is not conclusive against presumptive heirs, whether present or absent, whether notified or not notified in the manner set out in Article 935 of the Code of Practice. Succession of Manion, 143 La. 799, 79 So. 409.

██ An inventory, as well as a judgment of probate, is prima facie valid and cannot be set aside on the sole ground that the heirs or legatees were not notified for the reason that neither is binding on them. The plaintiffs in rule do not claim that the inventories herein are incorrect but attack them on the sole ground that the alleged formalities have not been complied with. They do not indicate in their petition that they even intend to attack the inventories. Since the inventories are not binding upon them they are not estopped or foreclosed from having them corrected to conform to the true facts if the inventories are in error. Under such circumstances there would be no valid reason to set aside the inventories and incur the additional expense to the succession of making new inventories.

In the case of Succession of Kellogg, 51 La.Ann. 1304, 26 So. 262, the syllabus prepared by the court reads as follows: "The designation of an attorney for absent heirs is not an arbitrary requirement of law, but one that is necessarily dependent upon the circumstances of each particular case; and same is essential only in case a necessity therefor is shown dur-

ing a pending administration of a succession."

In that case, after reviewing the prior jurisprudence touching the appointment of an attorney for absent heirs, the conclusion was reached that the appointment of such was not arbitrary and depended upon the circumstances of each case.

The case of Succession of Bowles, supra, involved the sale of succession property and is therefore not in point.

██ Since there are no allegations in the petition of any facts or circumstances showing the necessity of appointment of an attorney for absent heirs, and no allegation setting forth any error in the inventories, the exception of no cause of action was properly sustained.

██ Moreover the articles of the Civil Code cited by counsel for the appellant are not in point because they do not apply to legatees. The testator disposed of all of his effects in his will and left no ascendants or descendants. The plaintiffs in rule, as well as the absentees, are named legatees in the will. There is unquestionably a difference legally between an heir and a legatee, and a universal legatee and one under a universal title. Succession of Bossu, 115 La. 13, 38 So. 878. Article 884, R.C.C., cited by counsel as contrary to this proposition, is not applicable because the plaintiffs in rule are not in possession of all the property of the succession.

For the reasons assigned, the judgment is affirmed at appellants' cost.

O'NIELL, C. J., and LAND, J., absent.