Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,947-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| DONNA LACOUR, IN HER CAPACITY AS EXECUTRIX OF SUCCESSION OF JOHNYE MAE MADDEN, JAMES D. MADDEN AND LYDA ROBERTS MADDEN | Plaintiffs-Appellees |

versus

| | |
|---|---|
| MARY ELIZABETH CHUMLEY | Defendant-Appellant |

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Webster, Louisiana
Trial Court No. 80169

Honorable Allen Parker Self, Jr., Judge

* * * * *

| | |
|---|---|
| HUDSON, POTTS & BERNSTEIN, LLP<br>By: Robert McCuller Baldwin<br>　　Margaret H. Pruitt<br>　　Jason R. Smith | Counsel for Appellant |
| | |
| KEVIN W. HAMMOND, APLC<br>By: Kevin W. Hammond<br>　　J. Kyle McCotter | Counsel for Plaintiff-Appellee, Donna Lacour, in her capacity as executrix of the Succession of Johnye Mae Madden |

ATTORNEYS AT LAW
By: J. Schuyler Marvin
    J. Kyle McCotter

Counsel for Plaintiffs-Appellees, Lyda Madden and the Unopened Succession of James D. Madden

CAROL DENISE POWELL-LEXING

Counsel for Defendants-Appellees, Jonathan Chumley, Mark Chumley, Ethan Chumley, and Charles Madden

\* \* \* \* \*

Before STONE, STEPHENS, and ROBINSON, JJ.

**STEPHENS, J.,**

This civil action arises from the 26th Judicial District Court, Parish of Webster, State of Louisiana, the Honorable Parker Self, Judge, presiding. In the latest chapter of this ongoing saga, the defendant, Mary Elizabeth Chumley, appeals the judgment of the district court denying her motions for summary judgment and granting, in part, summary judgment in favor of the plaintiff, Donna LaCour. For the reasons expressed herein, we affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

Johnye Mae Madden died on January 26, 2016, in Webster Parish, Louisiana. Madden executed a last will and testament dated September 10, 2002, which was probated upon her death. The defendant, Mary Elizabeth Chumley ("Ms. Chumley"), served as executrix of the succession until May 31, 2019, when the court removed her for cause and replaced her with the plaintiff, Donna LaCour ("Ms. LaCour").[1] Following her appointment, Ms. LaCour questioned why the interests in Madden Property Management, LLC ("MPM") were not listed as assets in the succession. Ultimately, Ms. LaCour obtained evidence showing that the MPM interests should be included in the succession.

On June 15, 2021, Ms. LaCour filed an amended detailed descriptive list ("DDL 1"), asserting ownership of 74% of MPM. DDL 1 provided that MPM terminated at Johnye Madden's death, and following her death, the assets were mismanaged, wasted, or disposed of improperly by Ms. Chumley. DDL 1 estimated that Ms. Chumley owed the estate at least

---

[1] See, *Succession of Madden*, 53,353 (La. App. 2 Cir. 3/4/20), 293 So. 3d 665, *writ denied*, 20-00742 (La. 10/6/20), 302 So. 3d 535.

$382,000.00.  The district court held a status conference on November 8, 2021, where the court ordered Ms. Chumley to either concur or traverse DDL 1 by December 8, 2021.  The district court then set a hearing for matters related to DDL for January 13, 2022.  The trial court stated, in pertinent part:

> On December 8[th], the traversal or the concurrence, whatever else he deems appropriate. And Mr. Hammond will have two weeks following that date to respond. Both sides will favor me with a pretrial memo-letter by January 6[th], and we will proceed hearing this matter on the 13[th] of January.

An order reflecting these matters was signed by the district court on November 30, 2021, and filed on December 1, 2021.  The order provided, in relevant part:

> 2. December 8, 2021, is the deadline for filing notice of any traversal of the amended detailed descriptive list filed herein on June 15, 2021.
>
> 3. Should any such traversal be filed on or before December 8, 2021, the executrix will have until December 22nd to file such response as she feels warranted.
>
> 4. If a traversal is filed, it will be heard on January 13, 2022, at 9:00 am. The parties may file any necessary pre-trial briefs by January 6, 2022.

On November 29, 2021, Ms. Chumley filed an exception to the amended detailed descriptive list of assets in which she requested Ms. LaCour to show cause why DDL 1 should not be dismissed or why the action should not be stayed.  The district court issued an order on that same day ordering Ms. LaCour to show cause on January 13, 2022, why DDL should not be dismissed or stayed based on Ms. Chumley's exceptions.  However, on December 7, 2021, Ms. Chumley renounced and disclaimed any and all of her interests in the succession.  Ms. Chumley recorded her

2

renunciation on December 8, 2021, and she included the following language in her notice of renunciation:

> Please take note that any and all pending motions filed heretofore by Mary Elizabeth Madden Chumley are therefore now moot and abandoned, because she no longer has any interest in this succession proceeding and she is no longer called to this succession proceeding.

Following Ms. Chumley's renunciation, the district court held a hearing on January 13, 2022. Although Ms. Chumley failed to appear at the hearing, the plaintiffs stated for the record that the purpose of the hearing was to homologate DDL 1. Patricia Price testified at the hearing that she worked with MPM while she was employed with Edward Jones. She stated that all the transactions of MPM's account were authorized by Ms. Chumley and no one else as she was the manager of MPM. Ms. LaCour also testified at this hearing and stated that in the initial DDL filed in the succession by Ms. Chumley, Ms. Chumley failed to include MPM and Mrs. Madden's ownership interest therein at her time of death. Ms. LaCour further testified that she found documentation showing Ms. Chumley as a 26% interest holder in MPM, but these documents were never filed with the Secretary of State. Ms. LaCour stated she discovered bank accounts associated with MPM. In an Edward Jones account, Ms. LaCour testified that the account consisted of approximately $288,000 at the time of Mrs. Madden's death. When she was appointed to the succession as executrix, Ms. LaCour stated that the account balance consisted of about $35,000.

John McDaniel, who qualified as an accounting expert, also testified at the hearing. McDaniel indicated that he had known Mrs. Madden for many years and had helped her establish MPM. McDaniel indicated that a change occurred to the ownership of MPM in 2007 which gave Ms.

3

Chumley a 26% interest in MPM. He stated that Ms. Chumley was the manager of MPM and was the only person who had functioned as the LLC's manager. Also in his testimony, McDaniel detailed several transfers of money to different accounts from MPM. Both McDaniel and Ms. LaCour concluded that Ms. Chumley owes the estate around $530,000.

On February 22, 2022, the district court rendered an opinion detailing its findings. According to the court, Ms. Chumley converted over a half million dollars of Ms. Madden's money for Ms. Chumley's personal use based on the testimony presented at the hearing, particularly that of McDaniel. On March 14, 2022, the trial court signed a judgment homologating DDL 1. Attached to the judgment was an amended and final DDL ("DDL 2") which provided that Ms. Chumley owes the succession $531,838.49. The district court also imposed a 20% statutory penalty according to La. C.C.P. art. 3222. In response, Ms. Chumley filed a writ application with this Court seeking review of the judgment homologating DDL; however, the writ was denied.

On April 14, 2022, Ms. LaCour, representing the succession, filed a petition seeking to recover the property listed in DDL 2 which the district court deemed Ms. Chumley to have deprived the succession of due to her mismanagement. Ms. Chumley filed an exception of improper cumulation of actions, and the district court ultimately severed Ms. LaCour's petition to enforce from the succession proceedings.

On November 14, 2022, Ms. LaCour filed a motion for summary judgment and a motion to strike the jury demand. In her motion, Ms. LaCour alleged that Ms. Chumley was served with a rule to show cause why DDL filed should not be deemed final, and Ms. Chumley had notice of the

4

hearing that was set for January 13, 2022.  Ms. LaCour further alleged that there were no genuine issues of material fact, and that Ms. LaCour was entitled to judgment as a matter of law.  Ms. Chumley, in response, filed a reconventional demand on December 8, 2022.  In the demand, Ms. Chumley argued that the March 2022 judgment homologating DDL 2 should be annulled because the judgment contained vices of both form and substance.  On March 10, 2023, Ms. Chumley filed a motion for summary judgment on her reconventional demand.  In her memorandum, Ms. Chumley alleged that summary judgment is appropriate because the March 2022 judgment is null and void.  Also on March 10, 2023, Ms. LaCour filed a second motion for summary judgment, seeking to enforce the March 2022 judgment.  In her motion, Ms. LaCour again alleged that there were no genuine issues of material fact because the March 2022 judgment made clear that the issues have been litigated in the succession proceeding.

The summary judgment motions, as well as a few other motions or exceptions, were heard on July 19, 2023.  On September 20, 2023, the district court issued an opinion/order in which it discussed its reasons for disposing of each of the motions in the manner that it did.  In this opinion/order, the district court denied Ms. Chumley's motion for summary judgment, and it granted, in part, Ms. LaCour's summary judgment motion.  The district court determined that there was no genuine issue of material fact as to the value of MPM.  However, the court denied the motion for summary judgment as to Ms. Chumley's ability to present evidence regarding her actions that may serve to reduce her total liability.  This opinion/order was filed on October 5, 2023.

On November 27, 2023, the district court issued a judgment on outstanding exceptions and motions heard on July 19, 2023. This order clearly disposed of the motions and exceptions, but it included the following language, "Further, this Court finds that there is no just reason for delay in this matter. Accordingly, this Judgment is designated as a final judgment pursuant to LCCP 1915(B)." Ms. Chumley appealed this judgment on January 10, 2024. This Court, however, issued an order instructing the district court to supplement the record with a *per curiam* opinion setting forth reasons for its finding that no just reason for delay existed and for certifying the judgment appealed as a partial final judgment. Following this order, the district court filed the requested *per curiam* on July 3, 2024, and this Court received a copy of that same filing on July 12, 2024, and concluded that the matter should proceed as an appeal.

## DISCUSSION

On appeal, Ms. Chumley asserts several assignments of error. First, Ms. Chumley maintains that the district court erred in denying her motions for summary judgment. In her next four assignments of error, Ms. Chumley argues that the district court improperly ruled that the March 2022 judgment was a valid and final judgment. She also urges that the district court erred in finding that she received sufficient notice for the January 13, 2022, hearing. Finally, Ms. Chumley also asserts that the district court erred by assessing penalties pursuant to La. C.C.P. art. 3222 and by holding that she owed $531,838.29. According to Ms. LaCour, the March 2022 judgment is valid because Ms. Chumley had notice of the January 13, 2022, hearing and had the opportunity to be heard on that date. Ms. LaCour suggests that the trial court considered the testimony provided at the hearing on January 13, 2022,

6

and exercised its discretion in subjecting Ms. Chumley to the penalties under La. C.C.P. art. 3222.

Appellate courts review motions for summary judgment de novo, using the same criteria that govern the district court's consideration as to whether summary judgment is appropriate. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So. 3d 791; *Bess v. Graphic Packaging Int'l, Inc.*, 54,111 (La. App. 2 Cir. 11/17/21), 331 So. 3d 490; *Succession of Moore*, 54,338 (La. App. 2 Cir. 3/30/22), 339 So. 3d 12, *writ denied*, 22-00973 (La. 10/4/22), 347 So. 3d 859. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Schultz v. Guoth*, 10-0343 (La. 1/19/11), 57 So. 3d 1002; *Succession of Moore*, *supra*. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id*.

Whenever an inventory of succession property otherwise would be required by law, the person at whose instance the inventory would be taken may file in the succession proceeding, in lieu of an inventory complying with Articles 3131 through 3135, a detailed descriptive list of all succession property. This list shall be sworn to and subscribed by the person filing it, shall show the location of all items of succession property, and shall set forth the fair market value of each item thereof *at the date of the death* of the deceased. La. C.C.P. art. 3136(A).

The descriptive list of succession property authorized by Article 3136 shall be accepted as prima facie proof of all matters shown therein, unless amended or traversed successfully. The court may amend the descriptive list at any time to correct errors therein, on ex parte motion of the person filing it. Any interested person may traverse the descriptive list at any time, on contradictory motion served on the person filing it. If a descriptive list is amended, or successfully traversed, a copy of the amended or traversed descriptive list shall be filed with the Department of Revenue. The court may order the reduction or increase of the security required of a succession representative to conform to the corrected total value of the property of the succession. La. C.C.P. art. 3137.

The purpose of the detailed descriptive list is to provide a complete, concise evaluation of the property of the deceased thereby enabling the succession representative to properly administer the succession and informing heirs, creditors, and other interested parties to the nature and value of the succession of property. *In Succession of Reno*, 15-0854 (La. App. 1 Cir. 9/12/16), 202 So. 3d 1147, *writ denied*, 16-2106 (La. 2/10/17), 215 So. 3d 701; *Succession of Willis v. Martin*, 228 So. 2d 732, 734 (La. App. 3 Cir.

1969), *writ refused*, 255 La. 244, 230 So. 2d 93 (1970). An inventory made by an administrator is not conclusive as to the assets of the estate or their value. *Succession of Price*, 197 La. 579, 583, 2 So. 2d 29, 30 (1941); *Succession of Pipkin*, 7 La. Ann. 617, 1852 WL 3822 (La. 1852). Instead, an inventory is subject to contradiction and change by proper proof. *Succession of Price*, *supra*.

A succession representative may file a final account of his administration at any time after homologation of the final tableau of distribution and the payment of all estate debts and legacies as set forth in the tableau. The court shall order the filing of a final account upon the application of an heir or residuary legatee who has been sent into possession or upon the rendition of a judgment ordering the removal of a succession representative. La. C.C.P. art. 3332. An account shall show the money and other property received by and in the possession of the succession representative at the beginning of the period covered by the account, the revenue, other receipts, disbursements, and disposition of property during the period, and the remainder in his possession at the end of the period. La. C.C.P. art. 3333.

An opposition to an account may be filed at any time before homologation. An opposition shall be tried as a summary proceeding. When no opposition has been filed, or to the extent to which the account is unopposed, the succession representative may have the account homologated at any time after the expiration of ten days from the date of service as provided in Article 3335. La. C.C.P. art. 3336. A judgment homologating any account other than a final account shall be prima facie evidence of the

9

correctness of the account. A judgment homologating a final account has the same effect as a final judgment in an ordinary action. La. C.C.P. art. 3337.

Ms. Chumley's arguments focus on her allegation that she lacked sufficient notice of the hearing held on January 13, 2022, and that this lack of notice invalidates the results of the hearing. We disagree. The record shows that Ms. Chumley, on November 29, 2021, filed an exception to DDL 1 and requested that Ms. LaCour show cause why DDL 1 should not be dismissed. The district court then ordered Ms. LaCour to show cause on January 13, 2022. Although Ms. Chumley attempted to use her renunciation as a "withdrawal" of this rule to show cause, the renunciation does not negate that Ms. Chumley knew a hearing would take place on January 13, 2022, considering that she requested Ms. LaCour to be ruled into court on that very date. It is a bit disingenuous for Ms. Chumley to claim lack of notice under these circumstances. Therefore, the court correctly denied Ms. Chumley's motions for summary judgment.

Although we conclude that notice is not the determinative issue before us, as it relates to Ms. Chumley's other assignments of error, we cannot say that the record unequivocally supports that the January 13, 2022, hearing resulted in a valid, final judgment allowing Ms. LaCour to recover the money allegedly owed by Ms. Chumley. Ms. LaCour urges that the January 13, 2022, hearing and the March 2022 judgment homologating DDL 2 essentially proves that Ms. Chumley owes money to the Madden succession, thereby supporting the district court's grant of partial summary judgment. Although we concede that the hearing and DDL 2 shows the existence of a debt, the record fails to show that there are no genuine issues of material fact as it relates to DDL 2 vis-à-vis the debt. We recognize the desire of all

10

involved to bring this lengthy litigation to a conclusion. However, jurisprudence makes clear that a DDL is merely a device used to inform interested parties of the nature and the estimated value of succession property; it is not a method to establish a final judgment against an individual. Notwithstanding that the purported judgment fails to specifically name Ms. Chumley and list a dollar amount owed, a DDL can be amended at any time in compliance with La. C.C.P. art. 3137, only further proof that this judgment is not valid or final as it could be subject to amendment at any time.

In fulfilling her duties as the succession representative, Ms. LaCour has merely proved the *existence* of a debt associated with Madden Property Management. She must now prove the value of MPM at the time of Johnye Mae's death, the alleged decrease in that value, whether Ms. Chumley is responsible for the alleged decrease in value following the decedent's death, and if so, how much Ms. Chumley depleted MPM's assets. Given the record before us, we cannot say that these issues have been properly determined at this stage in the proceedings. Although the district court correctly denied Ms. Chumley's summary judgment motions, we conclude that the district court improperly granted partial summary judgment in favor of Ms. LaCour.

## CONCLUSION

For these reasons, we affirm in part and reverse in part the judgment of the district court and remand for further proceedings consistent with this opinion. Costs of this appeal are assessed evenly between Ms. Chumley and Ms. LaCour.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**

11