McCALEB, Justice
(dissenting).
The majority opinion, as I understand it,, is predicated on the theory that, since the-lease provided that no assignment would be binding on the plaintiff until such time-as it was furnished a certified copy of a recorded instrument evidencing a change-in ownership, it had no reason to take notice of the public records which showed the-transfer by Furlow of a one-half interest in the minerals to Shell; that, in doing so, it acted at its peril and that it must suffer the loss of its lease because the payments-of one-half of the delay rentals to Furlow and the other one-half to Shell was not in, *601 conformity with the real understanding between Furlow and Shell.
I readily concede that plaintiff acted at its peril in voluntarily taking notice of the transfer from Furlow to Shell and, if the delay rentals tendered by it were not in accordance with the provisions of that conveyance, it must suffer the consequences of its mistake. But I demur to the ruling that plaintiff’s payment was erroneous. On the contrary, Furlow conveyed to Shell one-half of “all the royalties, and other benefits, accruing under any valid oil, gas or mineral lease * * * This grant of all royalties and other benefits must be considered as including rentals as they are not otherwise mentioned in the conveyance. Obviously, then, payment of one-half of the delay rentals to Furlow and the other one-half to Shell was in conformity therewith.
The only way it can be deduced that the transfer to Shell did not include rentals is to notice that rentals, including delay rentals, have been deleted from the printed form used for the transfer and to interpret that, by this deletion, the parties intended that Furlow was to retain the right to receive all rentals. Taking cognizance of this deletion would be appropriate in an action between the parties to the instrument-(see Di Cristina v. Weiser, 215 La. 1115, 42 So.2d 868) but a third person (like plaintiff), relying on the public record, was not required to investigate deletions which formed no part of the contract and which were not written, so far as he was concerned. Dawson v. Ohio Oil Co., 153 La. 657, 96 So. 508. To hold otherwise is to say that the peril to which plaintiff subjected itself extended beyond the public records and that it had the onus of determining correctly an unexpressed intention of the parties to the instrument. To this, I cannot subscribe and accordingly I respectfully dissent.