No. 1149.

HEIRS OF JOSEPHUS S. BARROW vs. A. W. BARROW.

The will of the decedent was probated after due notice to the major heirs and to the legal representatives of the minor heirs; the executor was duly qualified and fully administered the estate; he filed his final account, assigning to the several heirs their special legacies, and fixing the distributive share of the residue falling to each heir, and prayed for its homologation, service of the petition having been accepted by the major heirs and the legal representatives of the minors; while said account was pending, said heirs and representatives received and receipted for their said legacies and shares, and granted full acquittance to the executor; and thereupon judgment was rendered homologating the account and granting final discharge to the executor.

After such proceedings, the heirs cannot be heard eight years afterwards to attack the validity of the will and the settlement of the executor. Such an action will not be sustained upon a bare allegation of error and fraud without the slightest suggestion of the nature and ground of such charge.

The plea of estoppel to such a suit was properly sustained as to all the plaintiffs except John W. Barrow, who was a minor unrepresented at the time, and was no party to the proceedings or settlement.

As to him, however, the prescription of five years from his majority applies and his action is barred.

APPEAL from the Third District Court, Parish of Claiborne. *Young*, J.

*James Dormon, McClendon & Seals* and *J. W. Holbert* for Plaintiffs and Appellants:

1. Heirs who sue for the nullity of a testament and the reduction of an excessive donation, are not required to make a tender of what they had received before bringing their suit. 33 Ann. 749; 36 Ann. 236; 33 Ann. 773; 34 Ann. 1017; Suc. E. Commagere, No. 9532.

2. A judgment attacked cannot be pleaded as *res judicata* and estoppel against the action of nullity. 32 Ann. 13; 29 Ann. 599; 32 Ann 1006; 34 Ann, 808; 15 Ann. 209; 33 Ann, 719 and 1198; C. P. 928-43.

Heirs of Barrow vs. Barrow.

3.  A judgment probating and ordering a will executed, is not binding on the heirs present or duly cited. 18 Ann. 444: 10 Ann. 78; 6 Ann. 104; 2 Ann. 724; 13 Ann. 575; 15 Ann. 209..

4.  Minors can never be estopped. 16 Ann. 248; 16 Ann. 98; 13 Ann. 508; 1 R. 10.

5.  A minor can only be represented in judicial proceedings by a tutor acting for and in the name of the minor. C. P. 108-9; 6 L, 377; 11 R. 693.

6  An executor cannot represent the minor heirs in the settlement of the estate he administers. C. P. 117; 13 Ann. 97; 10 Ann. 224; 21 Ann. 712.

7.  Personal citation is necessary to render a judgment homologating a final account binding on the heirs. 15 Ann. 676; 16 Ann. 258; 11 Ann. 412; 6 L. 222; 11 R. 109; 6 L. 354; 7 R. 46; 10 Ann. 674; 8 L. 321; 5 R. 453.

8.  A citation must be addressed to the defendant. The defendant only or his attorney of record can waive citation. C. P. 173, 177 and 178.

9.  The husband cannot waive citation on his wife when she is principal defendant, and the husband not a party to the suit. 19 Ann, 208 and 360; C. P. 178 and 192; C. C. 1317.

10.  A waiver of citation must be clearly shown; a court cannot presume anything with respect to a party being cited. 19 Ann. 212; H. p. 245-4; L. p. 113-4.

11.  In an exception of no cause of action, the allegations of the petition are taken as true, no evidence can be received. 30 Ann. 1148 and 14 Ann. 137 and 825.

12.  Substitutions and *fidei commissa* are prohibited. C. C. 1519 and 1520.

13.  An heir has a right of action against his co-heir for collation and of reduction. C. C. 1242 to 1250, and 1502 to 1518.

14.  A disposition of property reprobated by law cannot be ratified. 29 Ann. 120; 15 Ann. 700; 3 Ann. 328; 21 Ann. 600; 15 Ann. 154.

15.  A party cannot be held to ratify a settlement when they were ignorant of the facts on which the settlement was made. The party must know the defect he is waiving. C. C.. 2272, 1786; C. N. 1338; 23 Ann. 538; 15 Ann. 569; Bigelow on Estoppel, p. 489, *et seq*.

16.  Receipts given by heirs to an executor "in full settlement of their interest" in an es-- tate, are not conclusive. 12 Ann. 775; 4 Howard, 561; 21 Ann. 532; 29 Ann. 446; C. C. 1312 and 1317.

17.  A substitution and *fidei commissa* cannot be cured by time—no prescription applies. 13 Ann. 575; 11 R. 312; 3 Ann. 329; 29 Ann. 120; 15 Ann. 702.

18.  A judgment absolutely null can be the basis of prescription. 24 Ann. 253; 1 N. S. 9.

19.  In case of error and fraud, prescription runs from its discovery. C. P. 613; H. 1213-1-4; L. p. 566-2-6.

20.  The prescription of five years applies to an action to annul a testament, donations, etc.,. and in case of minors this prescription begins to run after majority, C. C. 3542.

*John A. Richardson* and *Watkins & Watkins* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J.   Josephus S. Barrow died in 1878, leaving the following testament:

STATE OF LOUISIANA, }
PARISH OF CLAIBORNE. }

Know all men by these presents, that I, Josephus S. Barrow, of the State and parish aforesaid, knowing the uncertainty of life and the certainty of death, being in feeble and bad health, but possessed of a sound and disposing mind, have this day, the sixth of February, A. D. 1875, feeling it to be a duty I owe to my family, have this day made and

written with my own hand this my last will and testament. In the name of God, amen, hereby revoking all those by me at any previous time made.

First—It is my will and desire that all my just debts, which are but few, together with my burial expenses, to be paid by my executors as soon as they may obtain funds sufficient to do the same from my estate.

Second—I hereby will and bequeath unto my beloved wife, Rebecca E. Barrow the following property, viz: A settlement of land on Middle Fork bayou, in the above State and parish, including my old homestead, containing 1000 acres more or less, including all the improvements thereon, together with all my household and kitchen furniture, together with all my real estate in Homer, except the store house and grocery occupied by Otts & Barrow, together with forty acres of land lying south of Homer, known as the Turner forty; also my two-horse buggy and harness, two sorrel mares, two cows and calves of her own choosing from my stock; also my two-horse wagon and harness.

Third—I also will and bequeath unto my daughter, Joanna, two thousand dollars in money, for which she holds my note; also my daughters, Dolly P., Ida Exar, and my sons, James L. and Charles E. the same amount, together with one horse, bridle and saddle each, one cow and calf each, to equalize them with all my other children that have left me heretofore.

Fourth—I also will and bequeath unto my son, A. W. Barrow, the brick store house and grocery in the town of Homer, upon condition that the said A. W. Barrow pay to the sons of J. W. Barrow five hundred dollars each when they become twenty-one years of age. If one of the sons of J. W. Barrow should die before arriving to be twenty-one, then the surviving brother should be entitled to the thousand dollars. If neither of them should live to be twenty-one, and the said sum not paid over to one or both of them, then said thousand dollars to be the property of A. W. Barrow, who has it in trust.

Fifth—Should my son, W. H. Barrow present himself within the time limited by the statute of this State, he shall be entitled to an interest of two thousand dollars in said store house and lot, to be held in trust by A. W. Barrow for the benefit of Wm. H. Barrow or his legal heirs. He or they receiving and receipting for the profits from said house as it may accumulate.

Sixth—I hereby appoint and ordain A. W. Barrow and W. P. Otts, Sr., my executors to effectually carry out and accomplish this my will, without giving bond, and to take full possession of all my estate

which has not been disposed in this will, and sell and dispose of the same to the best of their judgment for the benefit of my wife, R. E. Barrow, A. W. Barrow, M. R. S. Nicholas, Joanna Barrow, Dolly P., Ida Exar, James L. and Charles Edwin Barrow.

(Signed)                                J. S. BARROW.

Attested by six witnesses.

CODICIL.

STATE OF LOUISIANA, }
PARISH OF CLAIBORNE. }

I, Josephus S. Barrow, of the State and parish aforesaid, being greatly afflicted, but possessed of a sound and disposing mind, have this day added this codicil to the above will, which is my own will, written with my own hand, and I also write this codicil owing to the great depreciation in real estate. I do hereby will and ordain when my estate is wound up and my executors, if the store house and grocery occupied by A. W. Barrow and Otts is not worth $5,000, then my son, A. W. Barrow, my executor, shall not pay W. H. Barrow or his heirs but half the amount specified in the above will to him, and also J. W. Barrow's two sons half the amount willed to them in the above will. Signed, sealed and delivered in the presence of the following witnesses January 1, 1876.

(Signed)                                J. S. BARROW.

The clauses attacked give to A. W. Barrow a lot and brick store upon it, charged with the condition that A. W. Barrow shall pay to his absent brother, W. H. Barrow, when he presents himself and claims it, interest on $2,000, out of A. W. Barrow's own means.

This is not a *fidei commissum* or substitution.

Succession of Cochrane, 29 Ann. 232. The clause of a will by which the testator gives a sum of money to a minor and directs that the same shall be invested so as to yield a revenue until the legatee's majority does not involve a substitution.

The devise of a certain sum to a minor, and in the event of her death to another, is not a prohibited substitution.

The doubtful clauses should be so construed as to give the will effect. A naked trust, to be executed immediately as where furniture is devised to a mother for the benefit of her minor child, is not a *fidei commissum*.

The will was presented for probate to the proper court of his domicil, and a judgment was rendered declaring the same proved and ordering its execution. A. W. Barrow, one of the executors appointed by the will, was duly qualified and confirmed.

An inventory was taken. The estate was administered, and in May,

1878, the executor filed his final account, in which, after delivering the special legacies and paying the money legacies, he distributed the remainder amongst the heirs. This account was duly advertised. The service of the petition for its homologation, was accepted by the major heirs and by the legal representatives of the minors.

All the heirs received and gave receipts for their legacies, and also for the distributive shares coming to them under the account.

After due proceedings, judgment was rendered homologating the account and finally discharging the executor, which was signed on June 24, 1878.

The present suit was instituted by the petitioning heirs in 1886, nearly eight years afterwards.

The petition propounds the following grounds of action :

1st. That the entire will is a nullity for want of compliance with the forms of law in its execution.

2. That clauses four and five of the will are null, as containing prohibited substitutions and *fidei commissa*.

3d. That "for the abovementioned reasons" (to-wit: the alleged nullities in the will) "the pretended testament and the judgment homologating the same are absolute nullities."

4th. That A. W. Barrow had received large advantages from the decedent, which he was bound to collate.

5th. It pleads "error and fraud in the settlement of the estate of J. S. Barrow, deceased, by A. W. Barrow," without the slightest specification of the nature or grounds of such error or fraud.

Upon these grounds, plaintiffs ask a judgment decreeing the nullity of the will and especially the clauses four and five thereof; decreeing the nullity of the judgment probating the will and of the judgment homologating the executor's final account; decreeing that plaintiffs recover of defendant their interest as heirs in the brick store house and lot bequeathed to him by said clause four of the will; and finally condemning defendant to account for and collate to plaintiffs a large amount which he had received in excess of his interest as heir.

To this petition defendant filed several peremptory exceptions and pleas, amongst which may be mentioned :

1st. No cause of action.

2d. Estoppel resulting from the judgments probating the will and homologating the executor's final account and discharging him, and from the settlement and receipts in accordance with said account.

3d. Prescription.

From a judgment sustaining the exceptions and pleas generally, and' dismissing the suit, the plaintiffs prosecute the present appeal.

We think all the heirs, with the exception of J. W. Barrow, are con-- clusively estopped from prosecuting the present suit by the probate proceedings and the settlements effected thereunder.

Those proceedings and the settlement are to be considered together..

Without nicely discussing the technical validity of the citations and acceptance of service of petitions, it is apparent that the major heirs and the legal representatives of the minor heirs were fully notified of all the proceedings therein and took cognizance thereof; that they fully confirmed and ratified them; that they accepted and receipted for their legacies under the will, and also for their distributive shares as heirs in the residue as ascertained by the final account; and that, upon the faith of their said acceptance and receipts, the judgment was rendered homologating the account and finally discharging the executor..

As was said in another case, "the heirs ratified and confirmed the will; they were recognized and put in possession of their respective shares; his succession has been fully administered and his executors have been discharged.

After all these proceedings and in the face of their solemn acts, the heirs cannot be heard when they seek to annul the will in any of its parts." Heirs of Johnson vs. Johnson, 26 Ann. 572; see also Suc. McCloskey, 29 Ann. 406.

The minority of some of plaintiffs cannot protect them from this estoppel. They are bound by the acts of their legal representatives, acting within the scope of the powers conferred upon them by law. Heroman vs. Institute, 34 Ann. 813.

Neither is the estoppel defeated by the vague allegation of error and fraud contained in the petition. We have quoted heretofore the sole allegation contained in the petition on that subject, and one so vague and indefinite goes for naught. Besides, so far as the validity of the will was concerned, it is apparent there was no room for error or fraud..

The will being thus protected from attack, its terms are sufficient to cut off any claim for collation of advantages previously received by heirs; for the third clause of the will shows conclusively that the legacies therein made to certain heirs were intended "to equalize them with all my other children," which, under art. 1233, C. C., is a sufficient indication of the testator's intention to exclude all question of colla-- tion of previous advantages.

These views dispose of the case of all the plaintiffs except John W. Barrow. He was a minor without any legal representative, and he is.

not bound by any of the proceedings in the succession of J. S. Barrow, nor has he, in any manner shown by this record, been settled with, or ratified or confirmed the proceedings.

Unless he is concluded by the plea of prescription, we see nothing to prevent his prosecuting the present action.

The action is prescribed by five years. C. C. 3542; Heirs of Miller vs. Ober, 34 Ann. 592.

The prescription commences to run only from his majority. The evidence shows that he was four or five years old in 1863. Hence he must have attained his majority at least in 1880, and as this suit was filed only in 1886, the prescriptive term had expired.

On the whole, we think the judgment appealed from has done justice.

Judgment affirmed.