BREAUX, C. J.
The testator, in his will, donated property to the children of his second marriage and did not donate any to the children of his first marriage.
The question arose as to whether this donation was made by the testator as an extra portioh.
For the purpose of the trial, counsel for the parties in interest entered into an agreement, limiting the issues to the question before stated.
The facts are that the testator was married in the year 1858, and of that marriage were born four children. I-Iis wife died in the year 1875. During the existence of the community, considerable property was acquired. In 1897, decedent contracted a second marriage, and of that marriage six children were born. His second wife having departed this life, he subsequently married, and his widow survives him. There were no children born of this last marriage.
The following is an excerpt from the will, which we insert here, because it sets out the disposition which has given rise to the litigation:
“I bequeath all property I may die possessed of to be divided among them [referring to the children of the second marriage] share and share alike except so much as may be necessary for the payment of all my just debts, and the following legacies to my four children, issue of my first marriage, to whom I have already given one-half of all my property in settlement of their claims against my estate; I- give and bequeath the sum of one dollar each.”
The judgment appealed from is in favor of the children of the first marriage, who.are opponents, and against the defendants, or proponents, annulling and setting aside that portion of the will which, as stated in the judgment of the court a quo, “disinherits certain heirs,” so that all of. the. heirs will, participate, under .the terms of the judgment, alike.
Whether opponents, the heirs of the first marriage, have received their share of their-father’s estate, as declared in the will, is a. question not before us for decision.
From the excerpt inserted above, it is^ very evident that the will does not contain! any expressed declaration in regard to an< extra portion, for which there was to be no. accounting. But, the contention of the heirs, who claim to have been favored under the-terms of the will, is that it contains in their regard an equivalent of a direct expression donating property; that is that the donation, was made without the necessity on the part, of the donees of collating the extra portion.
We are unable to agree with that position.
[1] Learned counsel for the heirs of the-first marriage cite in support of their position the case of J. S. Barrow v. W. A. Barrow., 38 La. Ann. 645. .The will in the cited case.contained the expression “in order to equalize” the donations. That is an expression which shows some intent on the part of the-testator to make an absolute donation to-equalize things, and which the heirs would, in ' consequence, not have to return. The court in that case said, referring to the-words “in order to equalize,” that they indicated clearly that the legacies therein made to certain heirs were intended to “equalize’” with “all my other children,” which the court held, under article 1233 of the Civil' Code, is a sufficient equivalent to expressed* words upon the subject of absolute donation! without necessity of collation.
But, in the case before us for decision,, there is no such equivalent. The nearest to an equivalent expression are the words-“share and share alike,” which we find in the first part of the will. This evidently refers to the six children of the second marriage, among whom the property was to be I divided, and does not refer to the four chil *445 dren of the first marriage, among whom no property was to be divided. Nothing was left to these last heirs to “share and share alike.”
It is very well settled under the terms of the Civil Code that a disposable quantum may be given to one or more of the heirs by expressed declaration. That is clearly expressed in article 1501 of the Civil Code.
Under that article, taken alone, there is no rule for concluding that any other than a direct expression will control.
Under article 1233 of the Code, it is provided that the declaration may be made in equivalent terms to an expressed declaration, provided this declaration indicate in an unequivocal manner that such was the will of the testator.
[2] As before stated, we have not found this equivalent term. There is no manifestation of intention in the will before us to give an amount as an extra portion to the heirs of the second marriage. On the contrary, it seems to have been the purpose of the testator to maintain equality of interest among the heirs. His declaration is that he had settled with the heirs of the first marriage; and that, in view of that settlement, he made the disposition which the will contains. He did not in the least intimate that he was endeavoring to favor any of the heirs. It appears to have been a business proposition he assumed that he had settled with one branch of the heirs, and sought to settle with the other. We have no evidence before us that he had settled with one branch of the heirs. We will not decide the issues on the basis of a final settlement; only refer to it to add that the expressions of the will do not manifest a disposition to make an absolute donation without collation.
In fine, the different articles of the Code create the decided imnression that the doctrine of equivalent expressions is to be considered as applying only when the words used leave no room for doubt as relates to intention of the donor. In the absence of direct expressions bequeathing or donating property, the intention must be unmistakably expressed, conferring an advantage.
This we have not found; and therefore we are of opinion that equality must be observed in disposing of the property among the children.
This decides the one question at issue. We refer to none other. In alluding to other issues, we do not for an instant intend to intimate that they were considered with a view of deciding. All other questions must be considered at large.
For reasons stated, the judgment is affirmed.