### (96 South. 508)

### No. 25400.

### DAWSON et al. v. OHIO OIL CO. et al.

(Dec. 29, 1922.    Rehearing Denied April 30, 1923.)

#### (Syllabus by the Court.)

1. **Deeds &#9756;90—Sales; erased words not considered in construing.**

Words erased from a deed form no part thereof, and cannot be considered in construing such deed.

2. **Contracts &#9756;157—Statutes &#9756;200—Niceties of grammar not safe guide to interpretation.**

Niceties of grammar afford no safe guide in interpreting either laws or contracts.

3. **Descent and distribution &#9756;109—Succession; heirs seeking to collate only value of donation at time of donation must show intention expressed beyond doubt.**

In so far the actual value of the land donated exceeds at the opening of the succession the estimated value thereof at the time it was donated, to that extent the donee who seeks to retain the land itself and collate only its value is in effect claiming such excess as an extra portion or advantage to himself over his coheirs. And accordingly it behooves him to point that the donor has so expressed himself unequivocally; that is to say, so as to leave no room for doubt as to his intention.

4. **Descent and distribution &#9756;110—Succession; collation may be sought in any appropriate form of action.**

As neither statute nor jurisprudence have established any set form of action by which coheirs may claim collations from the transferee of the donee, it follows that any appropriate form of action may be pursued in which the amount to be collated can be established and in which the transferee is given full opportunity to set up all the defense which he may have to such claims.

#### (Additional Syllabus by Editorial Staff.)

5. **Descent and distribution &#9756;109—Succession; donations held to require collation of land, and not merely of estimated value at date of donation.**

Deeds donating land and stating estimated value "which is intended as an advance portion and is to be accounted for by the donee by collation at the final settlement of the donor's succession" held to require collation of the land, and not merely of the estimated value.

6. **Descent and distribution &#9756;109—Succession; donee's grantee only required to surrender proportionate share of claimants not bound in warranty.**

Purchasers of land donated to certain of donor's heirs can only be required, when sued for collation, to surrender the proportionate share of each claimant, excluding shares of those bound in warranty as to any parcel.

7. **Descent and distribution &#9756;109—Succession; donees' grantee may avoid surrender by paying value to heirs entitled to collation.**

Purchasers of land donated by decedent to certain heirs may, under Civ. Code, arts. 1229, 1269, and 1282, relieve themselves of surrendering the land in kind by paying to heirs to whom collation is due the value at the opening of the succession.

**8. Descent and distribution** ⊚=110—**Succession; defendants in suit for collation entitled to call in other heirs.**

In suit by heirs against grantee of other heirs for collation of lands donated, defendants have the same right to call in other heirs who are not claiming any collation as plaintiffs have, if deemed advisable.

**9. Pleading** ⊚=228—**Overruling of exception of no cause of action held not to jeopardize defenses.**

In suit by heirs against grantees of other heirs for collation, overruling of exception of no cause of action would in no manner jeopardize defendants' rights as to accounting, warranty on the part of their vendors, etc., as such matters concern the merits.

**10. Pleading** ⊚=279(4)—**Cause of action in supplemental petition based on alleged nullity held inconsistent with original cause of action for collation.**

Cause of action set up in supplemental petition based on alleged nullity of donation by decedent is inconsistent with, and excluded by, the cause of action set forth in the original petition for collation, which presupposes valid donations.

O'Niell, J., dissenting.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Action by Orlando L. Dawson and others against the Ohio Oil Company and others. From a judgment for defendants, on exception of no cause of action, plaintiffs appeal. Reversed, exception overruled, and case remanded.

Julius T. Long, of Shreveport, Donelson Caffery, of New Orleans, and J. L. Dormon, J. F. Phillips, and J. E. Harrington, all of Shreveport, for appellants.

Smitherman & Tucker, J. S. Atkinson, and Thigpen, Herold & Lee, all of Shreveport, for appellees.

ST. PAUL, J. This action is in form a petitory action, but the recitals of the petition show that it is in substance simply an action by some of the forced heirs of one Jonathan Taylor to require the defendants to surrender in kind certain lands which they hold by purchase from some of the children of said Jonathan Taylor, to whom they had been donated by him, and which the plaintiffs claim should be collated by said donees, or their assigns, in order to equalize the shares of all the children in the succession of their parents. The prayer of the petitioners is that they be recognized as owners of said lands in division; but there is also a prayer for "judgment according to law" and for general and equitable relief.

The petition recites many details, including an allegation as to oil extracted from the lands and a prayer for an accounting; all of which we purposely omit so as to come directly to the issues which are now submitted to the court.

## I.

Having first called for and obtained oyer of the donations, three in number, the defendants then excepted that the petition showed no cause of action.

The first donation (to Mrs. Dawson, April 5, 1881) recites:

"The land herein donated being estimated and valued at three hundred dollars (and is to be), which is intended as an advanced portion, *and is to be* accounted for by the donee by collation at the final settlement of the donor's succession."

[1] The words which we have placed in parentheses ("and is to be") are erased from the original, and hence form no part thereof; the more so as it is perfectly clear, by reference to the words which we have underlined, that they were simply misplaced, erased, and then reinserted where they were intended to be. We do not see how this does or can throw any light whatever upon the interpretation of this deed.

The next donation (to Mrs. Burnham, April 27, 1881) recites:

"This land herein donated is estimated and valued at the sum and price of three hundred dollars, which is intended as an advanced por-

tion and is to be accounted for by collation by the donee at the final settlement of the donor's succession."

The other donation (to Mrs. Kirkpatrick, April 27, 1881) recites:

"The land herein donated being estimated and valued at the sum and price of three hundred dollars. Said donation is intended as an advance portion and is to be accounted for by collation on the final settlement of the donor's succession."

## II.

[2, 3, 5] It is contended by the defendants that by attending to the niceties of grammar, with reference to the word "which" in the two donations first above given, and by noting the use of the words "to be accounted for," which are said to be more appropriately said of money than of things, it clearly results that the donor intended that the value of the land, and not the land itself, was to be collated.

But the niceties of grammar afford no safe guide in interpreting either laws or agreements (C. C. art. 14); and in this very case the very "which" relied upon by defendants is followed by a verb in the singular, and thus shown to be itself singular, and hence to refer, not to dollars, but to land; and certainly things are quite as often to be "accounted for," i. e., taken into account, as money is.

On the other hand, if we take into consideration that these three donations were all made practically contemporaneously, we cannot but conclude that they were all made under the same condition, and as to the donation last above mentioned it seems clear that it was the thing donated which was to be accounted for by collation, and not the estimated value thereof.

At any rate, this much is certain, that in so far as the actual value of the land donated exceeds at the opening of the succession the estimated value thereof at the time it was donated, to that extent the donee who seeks to retain the land itself and collate only its value at the time when donated is in effect claiming such excess as an extra portion or advantage to himself over his coheirs, and accordingly it behooves him to point out that the donor has so expressed himself unequivocally. C. C. arts. 1230, 1231, 1233. And this means so as to leave no room for doubt as to his intention. Succession of Ford, 130 La. 442, 445, 58 South. 141. But in this case the most that can be said is that such may have been the donor's intention.

## III.

As we have heretofore said, the substance of the demands of plaintiffs herein is that defendants be required to surrender the lands in kind in order to equalize plaintiffs' share in the succession of their parents.

[6, 7] Now, of course, the most that defendants could be required to surrender in any case would be the proportionate share of each claimant, excluding, of course, the shares of such as were bound in warranty as to any one of these parcels of land.

And again defendants may relieve themselves of surrendering the property in kind by paying to coheirs of the donees to whom collation may be due the value of the property at the opening of the succession, or at least so much as may be needed to make the shares all equal. C. C. arts. 1282, 1269, 1229.

Accordingly it is clear that the essential feature of an action against the purchaser of donated property to subject the donated property to collation is to establish the amount which may be due the coheir claiming the collation.

[4] And, since neither statute nor jurisprudence prescribes any set form in which this may be done, we can see no reason why the form adopted by these plaintiffs should not be allowed. Certain it is that these defendants have in this form every opportunity to set up such defenses as their vendors may have, and far more interest than

they in setting them up; so that no possible injury can result to the defendants from pursuing the form adopted by these plaintiffs.

[8] And, so far as defendants are concerned, it can result in no injury to them that some of the heirs are not claiming any collation from them. At any rate, since such coheirs cannot be made plaintiffs herein against their will, it follows that they can only be made defendants; and as to that defendants have the same right to call them as plaintiffs have, if they deem it advisable.

[9] As to all that part of defendants' contention which relates to accounting, warranty on the part of their vendors, and the like, that concerns the merits of this controversy rather than the exception of no cause of action, and their rights on those scores are in no manner jeopardized by the overruling of that exception.

## IV.

[10] The view herein above taken of the cause of action shown by the original petition presupposes, of course, valid donations, since without donation there can be no obligation to collate, and therefore dispenses with further consideration of the supplemental petition based upon the alleged nullity of said donations; for the cause of action, if any, shown by the supplemental petition, is inconsistent with, and excluded by, that set forth in the original. The two cannot stand together.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that the exception of no cause of action herein filed be overruled, and the case remanded for further trial according to law; defendants to pay the costs of this appeal.

O'NIELL, J., dissents.