LAND, Justice.
 

 This is a suit by Mrs. Leonie Naudon, wife of William T. Quinn, and Mrs. James N. Carden against Eugene J. Mauvezin to compel defendant to collate to the succession of his father the sum of $24,400.
 

 The petitioners are the grandchildren of Hypolite Mauvezin, and the defendant is his son. There are three grandchildren.
 
 *742
 
 "One of the grandchildren, a sister of the petitioners, is not a party to these proceedings.
 

 The defendant, Eugene J. Mauvezin, filed a plea of prescription of five years as to the main demand, under Article 3542 of the Revised Civil Code.
 

 The plaintiffs also filed pleas of prescription of five years under Articles 1413 and 3542 of the Revised Civil Code, in bar of demand for collation made by defendant in reconvention against plaintiffs.
 

 The trial judge maintained the pleas of prescription and dismissed the main demand as well as the reconventional demand.
 

 Both plaintiffs and defendant have appealed, and defendant has asked that the judgment be affirmed.
 

 Plaintiffs allege that Hypolite Mauvezin
 
 died intestate on January 23, 1931,
 
 and that by notarial act of partition, executed February 28, 1931, the assets of the succession were divided in kind, except some shares of stock of the United Fruit Company. Alleging that defendant received from his father, each month from October, 1910, for a period of twenty years and four months, the sum of $100, or a total of $24,400, and that defendant is under the obligation of collating this sum, plaintiffs pray for judgment in favor of each of them against defendant in the sum of $4,006.66%, with legal interest from judicial demand until paid.
 

 (1) The present suit is clearly one to compel defendant to collate the advances made to him by his father during his lifetime, and was filed October 5, 1937, or six (6) years and eight (8) months after the death of his father, the donor. A claim for collation, or reduction of an excessive donation inter vivos, is prescribed by Article 3542 of the Revised Civil Code by the lapse of five years
 
 from the death of the donor;
 
 and, in this case, the right of action lapsed in. January, 1936,
 
 or nearly two years before this suit was filed.
 

 ■
 
 Article 3542 of the Revised Civil Code provides that: “The following actions are prescribed by five years:
 

 “Nullity or Rescission.
 
 That for the nullity or rescission of contracts, testaments or other acts.
 

 “Reduction of Donations. That for the reduction of excessive donations.
 

 “Rescission of Partitions.
 
 That for the ■rescission of partitions and guarantee of the portions.
 

 “Minors.
 
 This prescription only commences against minors after their majority.” (Italics partly ours.)
 

 (2) By way of reconvention, defendant sets up amounts aggregating $10,-873, which he avers that his father spent on plaintiffs for education and support, and asks for judgment against plaintiffs in his favor for this sum, and that plaintiffs be ordered to collate the same.
 

 Plaintiffs filed pleas of prescription of five years under Articles 1413 and 3542 of the Revised Civil Code. The plea made under the last article was properly maintained, as all of the matters set up by defendant in his reconventional demand had taken place, as shown upon the: face of the demand, long before the date of the parti
 
 *744
 
 tion in question, February 28, 1931, and more than five years had elapsed since the death of the donor, January 23, 1931.
 

 Article 1413 of the Revised Civil Code provides that:
 
 “Suits for the rescission of partitions
 
 are prescribed by the lapse of five years from the date thereof, and in case of error and fraud, from the day in which they are discovered.” (Italics ours.)
 

 This article is not pertinent as this is a suit for collation, or the reduction of excessive donations under Article 3542 of the Revised Civil Code, as shown clearly by the allegations and prayers in both the original and amended petitions of plaintiffs, and is not one for the rescission of an act-of partition under Article ,1413 of the Code.
 

 Judgment affirmed.
 

 PONDER, J., absent.