60 So.2d 899

In re ANDRUS et al.

No. 40499.

July 3, 1952.

Rehearing Denied Oct. 10, 1952.

Tate & Fusilier, Ville Platte, for petitioners and interveners, appellants.

Seth Lewis, W. C. Perrault, Opelousas, for defendants-appellees.

LE BLANC, Justice.

On July 12, 1935, Homer Andrus and his wife, Elvena Vidrine Andrus, appeared before a Notary Public in Opelousas where they each executed a nuncupative will by public act in which they disinherited two of their sons and bequeathed their property to their remaining four children.[1] At the same time they jointly executed before the same Notary, two acts of donation inter vivos in the first of which they donated to their two sons, Lee and Ambroise Andrus, a 68 acre farm in Evangeline Parish, in return for the sons' furnishing them a place of habitation for the duration of their lives and also paying them the sum of $200 annually and in the other they donated a 100 acre farm near Chicot to their two daughters. This last act contains certain clauses which will later be referred to.

Homer Andrus died on June 16, 1938 and on October 13, 1938 his will was offered for probate in the district court of Evangeline Parish by the executors named by him, Joseph Lee Andrus and Ambroise Andrus. The executors were confirmed and the will ordered registered and executed by the court and although an inventory had been asked for, none appears ever to have been taken.

Mrs. Elvena Vidrine Andrus died on June 16, 1940 but her will was never probated nor were any proceedings taken regarding her succession.

The present proceeding arose in this probate matter entitled "Estate of Homer Andrus" in the District Court of Evangeline Parish. It is presented on the petition of Willy Andrus and Mary Andrus. Willy Andrus is one of the disinherited sons and Mary Andrus is one of the children and heirs of Jean Baptiste Andrus, the other. Jean B. Andrus had four other children besides Mary, who later on all intervened and joined her and Willy Andrus in the demands they are making herein. They are Crowell Andrus, Odette Andrus, Lillian Andrus and Esther Andrus.

In their joint petition, Willy Andrus and Mary Andrus set out the foregoing facts in more detail and they allege as follows with regard to the will of Homer Andrus:

That they did not receive written notice of the probate of the will as required by law, although they resided in Evangeline Parish and therefore, they seek to have the order probating the same annulled and rescinded, and since the other heirs did not meet the requirement of the law that they prove the facts on which the disinherison contained in the will is founded,

---

1. The bequest in each will reads as follows: "I give and bequeath at my death all of my property, real and personal, to my children, Joseph Lee Andrus, Ambroise Andrus, Aszelee Forse and Elia Johnson, each the undivided one fourth."

the will itself, for that reason and for the further reason of want of testamentary capacity in the testator, is null and invalid.

With regard to the will of Elvena Andrus they allege that it was never offered for probate in Evangeline Parish where she lived all her life, and died, and that it also should be declared invalid for want of testamentary capacity or because of the insufficiency of cause of the disinherison clause which it contains. With regard to this they allege, in the alternative that even though the disinherison clause respecting Willy and Jean B. Andrus should not be invalid that the provision insofar as it disinherited Jean B. Andrus can have no effect against Mary Andrus and his other children since Elvena Andrus died after he did.

With respect to the property donated in the acts of donation they aver that the same is subject to collation and should be returned to the succession and further they allege, in the alternative, that these donations, taken in conjunction with the testaments (if not invalid) amounted to a donation of an extra portion which they desire and are entitled to have reduced so as not to exceed the disposable portion of the estates of their deceased parents.

They finally aver that they desire and are entitled to an accounting of the disposition of all the movable property left by the decedents and now in the possession of the defendants.

In accordance with the allegations of the petition they pray for judgment sending them, together with the other descendants of the decedents, in possession of the property left by them in the proportions fixed by law; that the judgment of probate entered in the matter of the Estate of Homer Andrus on October 13, 1938, be annulled and vacated; that the last wills and testaments of both Homer Andrus and Elvena Andrus be declared null and invalid and that the portions donated by them in their lifetime be collated and returned to their successions according to law. In the alternative they pray that the donations inter vivos be reduced insofar as they exceed the disposable portion allowed by law. Finally they prayed for an accounting by the defendants of all the movables left by the decedents.

What this proceeding amounts to, as can readily be seen, is a contest between a disinherited child and the children of another, and the other children of the decedents who had been favored by their parents. The matter was presented to the district court on pleas of prescription and exceptions of no cause or right of action which were sustained by the trial judge. Judgment was accordingly entered in favor of the defendants rejecting the demand of the plaintiffs and dismissing their suit, whereupon this appeal was taken and perfected.

The case was submitted on the documents involved and a short note of testi-

mony relating to the circumstances under which they were executed and also to show that there was no notice given plaintiff, Willy Andrus, of the probate of the will of Homer Andrus on October 13, 1938. On these questions there is no dispute and therefore the issues presented are strictly some of law.

As we are of the opinion that the attack made on the will of Homer Andrus can readily be disposed of we will consider the contentions of the plaintiffs in regard thereto first and then consider them, as well as the attack on the will of Elvena Andrus, separately. We might mention at this time however that some of the grounds on which both wills were attacked have been abandoned, particularly those relating to the want of testamentary capacity and undue influence.

The remaining grounds on which the Homer Andrus will is attacked and urged to be declared null and void is because it was probated without notice to the presumptive heirs as required by Article 935 of the Code of Practice and because the disinherison clause it contains makes it void.

■ Whilst it is true that the article of the Code of Practice prescribes that notice to the presumptive heirs who "reside in the place" shall be given them so "that they may attend, if they think proper, at the opening and proof of the will", it is well established in the jurisprudence that a judgment of probate of the will is prima facie valid and cannot be annulled on the ground solely that it was rendered without the giving of such notice whether the heirs were present or absent. Succession of Price, 197 La. 579, 2 So.2d 29 and cases therein cited. The attack on this ground cannot be supported.

■ The attack based on the alleged illegal disinherison clause in the will is also without merit because by the provisions of Article 1502 of the LSA–Civil Code, "Any disposal of property, whether inter vivos or mortis causa, exceeding the quantum of which a person may legally dispose to the prejudice of the forced heirs, is not null, but only reducible to that quantum." The only action that is left to the forced heir who is prejudiced is one for reduction of an excessive donation, and this action, as appears from Article 3542 of the LSA–Civil Code, is prescribed by five years. On this point, the following statement from the case, Succession of Smith, 182 La. 389, 162 So. 21, 25, is controlling:

"It thus appears that this court has consistently held that when a testator undertakes to disinherit a forced heir and disposes of the estate to his prejudice, the testator has done nothing except to make a disposition of property mortis causa, exceeding the quantum he may legally dispose of to the prejudice of forced heirs; that an attempted disinherison of a forced heir and bequeathing the entire estate to some one else does not strike the testamen-

tary dispositions with nullity, but merely subjects these donations mortis causa to an action for the reduction thereof by a forced heir whose legitime has been ignored or impaired; and that such an action is barred by prescription of five years."

■ This action was instituted by plaintiffs long after five years from the date of the death of the testator, Homer Andrus, and from the date of the probate of his will, and therefore it is prescribed. They are barred from attacking their disinherison thereunder, are left without interest in his succession and cannot demand collation.

With regard to the succession of Elvena Andrus, we are confronted with a different situation. As stated heretofore, her will was never offered for probate nor were any proceedings ever taken in court concerning her estate after she died on June 16, 1940.

■ Referring again to Article 3542 of the LSA–Civil Code, we find that it provides that among other actions that are prescribed by five years is the one for the nullity of testaments. The article makes no mention of the date on which or the time at which this prescription begins to run. Whilst the case of Naudon v. Mauvezin, 194 La. 739, 194 So. 766, contains a statement that the prescription under this Article as applied to an action for reduction of excessive donations begins to run from the death of the donor, granting that to be so, it does not follow that that is also the starting period for the prescription as it applies to actions for the nullity of testaments. As relates to such actions the logical time contemplated by the article for the commencement of the five years would be when the will is filed for probate, for that is the time when the will becomes a matter of record and notice of its contents is made available to any one entitled to contest it. Therefore, with regard to the will of Elvena Andrus, prescription has not yet started to run and plaintiffs have the right to contest the validity of the disinherison clause and therefore still retain an interest in her succession. As a consequence of this it becomes necessary to decide if the properties donated inter vivos are subject to collation, and if so have the plaintiffs' right to demand such collation prescribed.

■ Article 1230 of the LSA–Civil Code prescribes that "Collation must take place, whether the donor has formerly [formally] ordered it, or has remained silent on the subject; for collation is always presumed, where it has not been expressly forbidden." Therefore, the properties donated by her are subject to collation unless it can be shown that they are exempt under some other provision of the LSA–Civil Code.

■ Defendants contend that the donation to the two sons of 68 acres of farmland is an onerous donation and that the

rules applicable to donations inter vivos do not apply unless the value of the object given exceeds by one-half that of the charges imposed. Articles 1524, 1526 of the LSA–C.C. Defendants also contend that there is no allegation in plaintiffs' petition that the consideration of this donation is insufficient and therefore that issue is not before the court. Plaintiffs' petition does state that the properties donated should be collated and, as the law provides that where the value of the object donated exceeds by one-half the value of the charges imposed or services rendered, the amount over and above the value of such charges or services is subject to collation, this then becomes a matter of proof. Accordingly this issue should be determined by a trial on the merits. Succession of Fox, 2 Rob. 292; Hearsey v. Craig, 126 La. 824, 53 So. 17; Succession of Henry, 158 La. 516, 104 So. 310; Winbarg v. Winbarg, 177 La. 1071, 150 So. 21.

Defendants also contend that the donation of the 100 acres of land to the daughters is not subject to collation because it was intended to be an extra portion and under Articles 1231–1233 of the LSA–Civil Code, such donations are not subject to collation. The clause relied on by defendants as showing the intent of the donors that this donation was to be an extra portion reads as follows:

"The consideration of this donation is the love and affection which the donors bear for their daughters, donees herein, and who have always conducted themselves as loving, affectionate and helpful children to the donors. The value and estimation of the land herein donated is fixed by the parties hereto at the sum of Eight Hundred ($800.00) Dollars. The donors formally declared that neither of the said donees had ever received, from them during their lifetime, any advance on their inheritance or any sum of money, or thing of value, while the other children and heirs namely: J. B. Andrus, Ambroise Andrus, J. Lee Andrus and Willie Andrus have each received through gifts, donations, or otherwise sums of money and thing of value in excess of four hundred ($400.00) dollars, which they should be called upon to collate at the time of donor's death."

Whilst the clause may give the impression that the donor intended to equalize the advances made to other children there remained some doubt as to the real intention since she imposed the duty on some or all of them to collate. At any rate her intention is not clearly expressed and the decisions of this court on this point are to the effect that the declaration of such an intention must be by terms that are clear and unequivocal. Succession of Ford, 130 La. 442, 58 So. 141; Succession of Weber, 110 La. 674, 34 So. 731; Dawson v. Ohio Oil Co., 153 La. 657, 96 So. 508.

■ Counsel for defendants further contend that even if the language of the donation itself is insufficient to show the intention of the donor, that the unprobated will of Elvena Andrus can be considered to show her intention. Even though we were to consider her will no indication appears from it that it was her intention not to demand collation, which significantly enough, she imposed in the act of donation which she executed almost simultaneously with it. The will contains no reference to any specific property, the bequest being of all her property, both real and personal in the proportion of an undivided one-fourth to each of four of her children. The disinherison clause of itself is not sufficient to indicate, in a clear and unequivocal manner as required under the jurisprudence, the intention of the giving of an extra portion to one or some of her heirs.

We conclude therefore that as far as the Succession of Elvena Andrus is concerned, the petition of the plaintiffs does disclose a cause of action and will now consider the plea of prescription against the demand made for collation.

The decision on this plea depends on whether or not an action for collation prescribes by five years under Article 3542 of the LSA–Civil Code. In the case of Naudon v. Mauvezin (supra), it was held that the prescription provided in that article applied to actions for collation whereas in the case of Himel v. Connely, 195 La. 769, 197 So. 424, decided a few months later,

it was held that it did not. This apparent discrepency was noted by the Court when the case of Roach v. Roach, 213 La. 746, 35 So.2d 597, was under consideration but it was found unnecessary to attempt to reconcile the two different rulings as the five year period on which the plea rested in that case had not yet lapsed. In the present case it has and therefore the issue has to be decided.

Article 3542 of the LSA–Civil Code which provides the prescription that is invoked, makes no mention of or reference to actions for collation. It does provide, as we have already seen, that actions for the reduction of excessive donations are included within its terms and the only way on which it might be said to include actions for collation also would be by postulating that such actions are assimilable to actions for the reduction of excessive donations. But there is a difference between the two actions. The distinction was drawn in the case of Jordan v. Filmore, 167 La. 725, 120 So. 275, 277, where the court stated:

"The difference between the right to demand collation and the right to demand a reduction of an excessive donation or legacy to the disposable portion is that collation can be demanded only from a coheir, but does not depend upon the extent of the inequality in the disposition of the ancestor's estate; whereas the right to demand a reduction of an excessive donation or legacy to the disposable portion may be demanded from any

donee or legatee—whether he be an heir or a stranger—but it can be demanded only when—and to the extent that—the donation or legacy exceeds the disposable portion."

It was on the basis of that distinction that the court held in Himel v. Connely, supra, that the prescription under Article 3542, LSA–C.C., does not apply to actions for collation, which was correct. The ruling in Naudon v. Mauvezin, supra, was overruled sub silentio by the ruling in that case and therefore should not be followed. The plea urged was incorrectly sustained by the trial judge. It has to be overruled.

We conclude therefore that the judgment appealed from, in so far as it sustained the exception of no cause of action and the plea of prescription under Article 3542 of the LSA–C.C. on the demand made as to the last will and the donations made by Homer Andrus, is correct and to that extent it will be affirmed.

With regard to the demand made as to the last will and the donations made by Elvena Andrus, the judgment will be reversed and the case will have to be remanded to the lower court for further proceedings. Concerning these demands, our ruling is as follows: Unless the proponents of the will of Elvena Andrus can support the disinherison clause it contains, plaintiffs and the intervenors who have joined them have a cause of action to have the bequests made

therein reduced to the disposable portion allowed by law. The prescription applicable to this cause of action under Article 3542, LSA–C.C. begins to run only from the date the will is filed for probate, the same as to a cause of action for the nullity of the will. With respect to the donation made by her to Lee Andrus and Ambroise Andrus, they have a cause of action, should it be shown that the value of the property exceeds by one-half the value of the charges imposed, in which event they are entitled to collation for one-half the amount found to be excessive. With regard to the donation made by her to Aszelee Andrus Forse and Elia Andrus Johnson, they have a cause of action to have the value of the property determined and to have one-half of the amount collated.

For the reasons stated it is ordered that the judgment appealed from be and the same is hereby affirmed to the extent that it rejected and dismissed the demands of the plaintiffs against the succession of Homer Andrus; otherwise it is reversed and set aside and the case is now remanded to the lower court for further proceedings and trial in accordance with the views herein expressed and the rulings herein made.

The costs of this appeal are to be paid by the defendants, appellees, and all other costs to await the final determination of the suit.

On Applications for Rehearing

PER CURIAM.

Both sides have applied for a rehearing in this case.

In the ruling made in the opinion herein handed down, it is stated that concerning the demand made as to the last will of and the donation made by Elvena Andrus, "Unless the proponents of the will of Elvena Andrus can support the disinherison clause it contains, plaintiffs and the intervenors who have joined them have a cause of action to have the bequests made therein reduced to the disposable portion allowed by law."

We had previously shown in the opinion, in stating the case, that the plaintiffs had alleged that even though the disinherison clause in the will of Elvena Andrus respecting both Willy and Jean Baptiste Andrus should not be invalid, that the provisions, in so far as it disinherited Jean Baptiste Andrus, can have no effect against Mary Andrus and his other children, since Elvena Andrus died after he did.

By inadvertence we failed to state anything in the opinion concerning this allegation which we found is supported by Article 901 of the LSA–Civil Code which provides:

"When a person has been disinherited by his father or mother, or excluded from his succession for unworthiness, his children can not represent him in the succession of their grandfather or other ascendants, if he is alive at the time of the opening of the succession, but they can represent him if he died before."

It follows therefore that that part of our ruling which, in effect, would have required the children of Jean Baptiste Andrus to refute proof of the facts supporting the disinherison clause in the will of Elvena Andrus, if any, was in error and the ruling is amended to the extent that plaintiff Mary Andrus and the intervenors are no longer concerned with the disinherison clause in their grandmother's will in so far as it relates to their father and as to them there is a cause of action regardless of such clause.

We have given due consideration to all the other contentions made in both applications and finding no merit in any of them, both will be denied.

Rehearings refused.