NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0366

EVAN E. COOPER

VERSUS

STEPHEN C. POSS, AMANDA STOUT, AND McGLINCHEY STAFFORD, PLLC

Judgment rendered: NOV 2 0 2019.

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 671286, Div. 22

The Honorable Timothy E. Kelley, Judge Presiding

* * * * *

J. Arthur Smith, III
Baton Rouge, Louisiana

Attorney for Plaintiff/Appellant
Evan E. Cooper

Stephen C. Poss
Baton Rouge, Louisiana

In Proper Person

Shelton Dennis Blunt
Kevin W. Welsh
Baton Rouge, Louisiana

Attorneys for Defendants/Appellees
Amanda Stout & McGlinchey
Stafford, PLLC

Jeff Landry
Attorney General
Margaret A. Collier
Assistant Attorney General
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee
Louisiana Department of Justice

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**HOLDRIDGE, J.**

The plaintiff, Evan E. Cooper, appeals a judgment rendered in favor of the defendants, Amanda S. Stout and McGlinchey Stafford, PLLC, granting their peremptory exception raising the objection of peremption under the three-year preemptive period set forth in La. R.S. 9:5605(A)'s, and dismissing the plaintiff's claim with prejudice. The trial court's judgment also denied the defendants' peremptory exception raising the objections of no cause of action and peremption under La. R.S. 9:5605(A)'s one-year peremptive period. For the reasons that follow, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On September 26, 2011, a string of emails between the plaintiff and Ms. Stout, an attorney for McGlinchey Stafford, discussing the prescriptive period for an annulment of a testament spurred this litigation. The email discussion was as follows:

> **Amanda Stout (9/26/11):** … In response to your question about contesting your father's will, Civil Code article 3497 states that an action to annual a testament is subject to 5-year prescription. Case law states that the prescriptive period begins to run from the date a testament is probated. I am checking with management to determine if the firm accepts litigation over succession matters.
> **Evan Cooper (9/27/11):** Probated meaning date [o]rder of judgment of possession is filed/signed by judge or date the petition to probate a succession is flied? EEC
> **Amanda Stout (9/28/11):** A will is probated when it is filed with the court and the court signs an order recognizing it at [sic] a valid will.

This correspondence was not followed up by either party until July 10, 2018, when the plaintiff filed a petition for damages against Stephen C. Poss,[1] Ms. Stout, and McGlinchey Stafford, for legal malpractice. In the petition, the plaintiff argued that Ms. Stout provided him an incorrect legal opinion as to when the prescriptive period began to run for a suit to annul a testament. Therefore, the

---

[1] We note that the plaintiff's claim against co-defendant Stephen C. Poss is not at issue in the instant matter.

2

plaintiff argued that the defendants were liable for the damages that should have been recovered in his intervention suit in the succession of William Ewell Cooper, Jr., as well as attorney fees and compensatory damages.

Specifically, the plaintiff alleged in his petition, in pertinent part:

6.
On or about June 30, 2014, [Mr. Poss] filed, on the Plaintiff's behalf, a Petition for Intervention in the succession of William Ewell Cooper, Jr., the Plaintiff's late father. The succession proceeding [was] docketed as "In the Matter of the Succession of William Ewell Cooper, Jr., Probate No. 89-936, Section 25, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana." (Intervention suit.) This [intervention suit] sought to annul the testament of William Ewell Cooper, Jr.

7.
On November 9, 2016, the attorneys for the Defendants in [the intervention suit] … filed Peremptory Exceptions of No Right of Action and Prescription in the succession proceeding in response to the [plaintiff's] Petition for Intervention.

8.
This exception was thereafter heard and denied by the 19th Judicial District Court[.]

9.
However, the Defendants in [the intervention suit] subsequently applied to the First Circuit Court of Appeal for a supervisory writ from this ruling.

On July 7, 2017, this court granted the writ application for the defendants in the intervention suit, and dismissed the plaintiff's petition for intervention on the basis of prescription. See **Matter of Sucession [sic] of Cooper**, 2017-0310 (La. App. 1 Cir. 7/7/17), 2017 WL 2889247, at *1 (unpublished), reh'g denied (Sept. 11, 2017), writ denied, 2017-1700 (La. 12/15/17), 231 So.3d 603. This court provided the following reasons for granting the writ:

**WRIT GRANTED.** Pursuant to Louisiana Civil Code article 3497, actions for annulment of a testament and reduction of an excessive donation are subject to a five-year liberative prescription. Further, the date upon which prescription begins to run is the date when the testament is filed for probate. See **In re Andrus**, 221 La. 996, 1006, 60 So.2d 899, 902 (La. 1952); **West. v. Gajdzik**, 425 So.2d 263 (La. App. 3 Cir. 1982), writ denied, 428 So.2d 475 (La. 1983). Herein, the

decedent's Last Will and Testament was filed for probate on June 18, 2009. Plaintiff-in-intervention, Evan Cooper, filed his petition on June 30, 2014. Therefore, because more than five years have elapsed since the decedent's will was filed for probate, Evan Cooper's claims against defendants-in-intervention, Sarah Cooper and Burton Cooper, [was] prescribed.

Thereafter, the plaintiff sought review of this court's writ decision by a writ application to the Louisiana Supreme Court, which was denied.

Additionally, the plaintiff argued in his petition for damages that La. R.S. 9:5605 denied him due process of law and was unconstitutional, as it violated the Fourteenth Amendment to the United States Constitution[2] and La. Const. Art. I § 2.[3] The plaintiff argued that, as of September 26, 2014, the date when three years had run since he received Ms. Stout's email, the plaintiff had received no notice of his cause of action for legal malpractice against the defendants. The plaintiff argued that he did not acquire such notice until July 7, 2017, when this court granted the defendants' writ application in the intervention suit and dismissed his petition for intervention on the grounds of prescription. Therefore, the plaintiff argued that if La. R.S. 9:5605 applied to the facts of this case against the defendants, it "would divest the [p]laintiff of his vested cause of action against these [d]efendants without notice."

In response, the defendants filed a peremptory exception raising the objections of peremption and no cause of action. The defendants argued that the plaintiff's claim was perempted by La. R.S. 9:5605(A)'s one-year and three-year peremptive periods and that the plaintiff failed to state a cause of action for legal malpractice against the defendants. In support of their exceptions, the defendants

---

[2] The Fourteenth Amendment of the United States Constitution provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law[.]"

[3] Louisiana Constitution article I, § 2 provides that "[n]o person shall be deprived of life, liberty, or property, except by due process of law."

4

attached several exhibits, which included the email correspondence between the plaintiff and Ms. Stout dated September 28, 2011.

On November 19, 2018, a hearing was held in the trial court on the defendants' peremptory exception raising the objections of peremption and no cause of action[4]. After hearing arguments from the parties, the trial court made an oral ruling, which found that the plaintiff's claim was perempted under La. R.S. 9:5605. On December 18, 2018, the trial court signed a judgment in accordance with its oral ruling, which sustained the defendants' peremptory exception raising the objection of peremption under La. R.S. 9:5605(A)'s three-year peremptive period. The judgment further overruled the defendants' peremptory exceptions raising the objection of no cause of action and peremption under La. R.S. 9:5605(A)'s one-year peremptive period, and dismissed the plaintiff's claim with prejudice. Thereafter, the plaintiff appealed the trial court's judgment.

The defendants filed an answer to the appeal, seeking the following:

(1) Affirm the judgment of the District Court regarding the accrual of La. Rev. Stat. § 9:5605(A)'s three-year peremptive period;
(2) Grant [the defendants] peremptory exception of peremption under La. Rev. Stat. § 9:5605(A)'s one-year peremptive period;
(3) Grant [the defendants] peremptory exception of no cause of action; and
(4) Assess all costs associated with the above-captioned appeal to [the plaintiff.][5]

## APPLICABLE LAW

Peremption may be raised by a peremptory exception. See La. C.C.P. art. 927(A)(2). At the hearing on the exception of peremption, evidence may be introduced to support or controvert the exception. See La. C.C.P. art. 931. If

---

[4] At the hearing the defendants' counsel introduced all the exhibits that were attached to the defendants' peremptory exception raising the objections of peremption and no cause of action and no objection was made by opposing counsel.

[5] Due to our holding in the instant matter, we pretermit discussion of the issues raised in the defendants' answer to appeal as they are now moot. See **Kendrick v. Northshore Regional Medical Center, Inc.**, 2012-0229 (La. App. 1 Cir. 1/24/13), 2013 WL 269033, at *1 (unpublished), writ denied, 2013-0442 (La. 4/5/13), 110 So.3d 594.

evidence is introduced at the hearing on the peremptory exception, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. **Rando v. Anco Insulations, Inc.**, 2008-1163 (La. 5/22/09), 16 So.3d 1065, 1082. In the absence of evidence, an exception of peremption must be decided based upon the facts alleged in the petition with all of the allegations accepted as true. **1900 Highway 190, L.L.C. v. City of Slidell**, 2015-1755 (La. App. 1 Cir. 6/3/16), 196 So.3d 693, 696. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. **Harris v. Breaud**, 2017-0421 (La. App. 1 Cir. 2/27/18), 243 So.3d 572, 578-79. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception raising the objection of peremption. See **Carter v. Haygood**, 2004-0646 (La. 1/19/05), 892 So.2d 1261, 1267. However, if peremption is evident on the face of the pleadings, then the burden shifts to the other party to show that the claim is not perempted. **Rando**, 16 So. 3d at 1082.

## DISCUSSION

The plaintiff argues in his sole assignment of error that the trial court erred in sustaining the defendants' peremptory exception raising the objection of peremption under La. R.S. 9:5605(A)'s three-year peremptive period. Specifically, the plaintiff argues that the trial court erred in granting the defendants' exception because on September 26, 2014, the date when three years had run since he received Ms. Stout's email, the plaintiff had not received notice of his cause of action for legal malpractice against the defendants.

The time limits to file a legal malpractice action are set forth in La. R.S. 9:5605, which provides in pertinent part:

> A. **No action for damages against any attorney** at law duly admitted to practice in this state, any partnership of such attorneys at law, or

6

any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, **arising out of an engagement to provide legal services shall be brought unless filed** in a court of competent jurisdiction and proper venue **within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.** (Emphasis added.)

B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred.... **The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods** within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended. (Emphasis added.)

The time periods provided in this statute are peremptive. This means that both the underlying cause of action and the legal right to bring that cause of action to court dissolve at the end of the specified periods of time and may not be renounced, interrupted, or suspended in accordance with La. C.C. arts. 3458 and 3461.[6] See **Borel v. Young**, 2007-0419 (La. 11/27/07), 989 So.2d 42, 59, on reh'g (7/01/08); **Atlas Iron and Metal Co. v. Ashy**, 2005-0458 (La. App. 3 Cir. 1/4/06), 918 So.2d 1205, 1209, writ not considered, 2006-0296 (La. 4/28/06), 927 So.2d 276; **Boykin v. Coregis Ins. Co.**, 2001-0301 (La. App. 5 Cir. 10/17/01), 800 So.2d 926, 927. The latest one can file a legal malpractice action under La. R.S. 9:5605 is three years from the date that the alleged act, omission, or neglect occurred, or one year from the date of discovery of the alleged act, omission, or neglect,

---

[6] Louisiana Civil Code article 3458 states that "[p]eremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period."

Louisiana Civil Code article 3461 states that "[p]eremption may not be renounced, interrupted, or suspended."

7

whichever comes first. **Paternostro v. LaRocca**, 2001-0333 (La. App. 1 Cir. 3/28/02), 813 So.2d 630, 634.

In accordance with La. R.S. 9:5605(A), the plaintiff had three years from the date of the alleged legal malpractice to file suit against the defendants. The act, omission, or neglect complained of in the plaintiff's petition for damages was the defendants' alleged failure to adequately research the law, which constituted legal malpractice. The alleged legal malpractice occurred on September 26, 2011. The plaintiff filed his petition for legal malpractice against the defendants on July 10, 2018, which is beyond the three-year preemptive period mandated by La. R.S. 9:5605(A). Accordingly, on the face of the pleadings, the plaintiff's legal malpractice claim is perempted by the three-year period set forth in La. R.S. 9:5605(A). See **Jenkins v. Starns**, 2011-1170 (La. 1/24/12), 85 So.3d 612, 625; **Reeder v. North**, 97-0239 (La. 10/21/97), 701 So.2d 1291, 1295-97; **Garner v. Lizana**, 2013-0427 (La. App. 5 Cir. 12/30/13), 131 So.3d 1105, 1110, writ denied, 2014-0208 (La. 4/4/14), 135 So.3d 1183; **Jones v. Arias**, 2010-0165 (La. App. 4 Cir. 12/9/10), 2010 WL 8972257, at *3 (unpublished), writ denied, 2011-0369 (La. 4/8/11), 61 So.3d 686, 687. Therefore, the shifted to the plaintiff to establish a defense to peremption. **Rando**, 16 So.3d at 1082.

To satisfy his burden, the plaintiff alleged in his petition for damages that his claim was not time-barred under La. R.S. 9:5605 because the statute is unconstitutional. Specifically, the plaintiff argued that the statute is "violative of the due process clause of the Fourteenth Amendment to the United States Constitution and La. Const. Art. I § 2[.]" Therefore, the plaintiff argued that La. R.S. 9:5605 cannot be applied to the facts of this case because he did not receive timely notice of the defendants' legal malpractice to assert a cause of action. Thus,

8

the plaintiff argued that applying La. R.S. 9:5605 to this case would divest him of his vested cause of action against the defendants without notice.

This court has consistently upheld the three-year peremptive period set forth by the legislature under La. R.S. 9:5605(A) to govern the filing of legal malpractice suits. See **Straub v. Richardson**, 2011-1689 (La. App. 1 Cir. 5/2/12), 92 So.3d 548, 553, writ denied, 2012-1212 (La. 9/21/12), 98 So.3d 341; **Raby-Magee v. Matzen**, 1998-2364 (La. App. 1 Cir. 3/31/00), 764 So.2d 978, 979. The Louisiana Supreme Court has made it clear that a cause of action for legal malpractice can be preempted and extinguished even if the client never discovers that cause of action, or the facts never ripen into a justiciable case. **Reeder**, 701 So.2d at 1297. There is no doubt that the Legislature intended that three years after the act, omission, or neglect, the cause of action is extinguished, regardless of when the negligence is discovered and regardless of whether a malpractice action may be brought within that three-year period. If no damages are incurred within three years of the act, omission, or negligence, the cause of action and right of action perempts regardless. **Id**.

While the time limitations of La. R.S. 9:5605 may seem unfair in that a person's claim may be extinguished before he realizes the full extent of his damages, the enactment of such a statute of limitations is exclusively a legislative prerogative.[7] The Legislature was aware of the pitfalls in La. R.S. 9:5605 but decided, within its prerogative, to a three-year absolute limit on a person's right to sue for legal malpractice, just as it would be within its prerogative to not allow legal malpractice claims at all. See **Vagelos v. Abramson**, 2012-1235 (La. App. 4

---

[7] We note that the peremptive limitations of one and three years have been adopted for many professions including licensed professional accountants (La. R.S. 9:5604), admitted attorneys and legal practices (La. R.S. 9:5605), professional insurance agents (La. R.S. 9:5606) and certain health care providers, including physicians, chiropractors, dentists, psychologists, optometrists, midwives, nurses, nursing homes, hospitals, blood centers or tissue banks (La. R.S. 9:5628 and La. R.S. 9:5628.1). See **Wong v. Hoffman**, 2005-1483 (La. App. 4 Cir. 11/7/07), 973 So.2d 4, 20, writ denied, 2007-2373 (La. 2/1/08), 976 So.2d 724.

9

Cir. 10/2/13), 126 So.3d 639, 647, <u>writ denied</u>, 2013-2574 (La. 1/27/14), 131 So.3d 61. Therefore, we find that applying the peremptive language set forth in La. R.S. 9:5605(A) to the facts of this case is not a denial of the plaintiff's constitutional rights under the Fourteenth Amendment to the United States Constitution and La. Const. Art. I § 2. Although the plaintiff allegedly did not discover the defendants' legal malpractice until after the three-year peremptive period expired, La. R.S. 9:5605(A) provides that the plaintiff's claim is perempted regardless and after said period the plaintiff's cause of action no longer exists. **Reeder**, 701 So.2d at 1297.

Accordingly, we find no error in the trial court's finding that the plaintiff's claim is perempted by La. R.S. 9:5605(A)'s three-year peremptive period. Because the plaintiff did not file his claim for legal malpractice against the defendants until July 10, 2018, it was clearly filed more than three years following the alleged act, omission, or neglect that occurred on September 26, 2011, and, as such, was perempted in accordance with La. R.S. 9:5605.

## CONCLUSION

For the foregoing reasons, we find no manifest error in the trial court's judgment that granted the defendants', Amanda S. Stout and McGlinchey Stafford, PLLC, peremptory exception raising the objection of peremption under La. R.S. 9:5605(A)'s three-year peremptive period, and dismissed the plaintiff's claim with prejudice. Accordingly, the December 18, 2018 judgment is affirmed. Costs of this appeal are assessed to the plaintiff, Evan E. Cooper.

**AFFIRMED.**